IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br><br>vs.<br><br>Gordon L. Hall<br>_____ | )<br>) Criminal Number 6:13-cr-00170-CRI-1<br>)<br>) **ORDER**<br>)<br>) |

The above-named defendant appeared before this court on April 10, 2013, to answer to a(n) indictment charging him with Conspiracy to Defraud The United States and Attempt and Conspiracy To Commit Mail Fraud, violations of Title 18, United States Code, Sections 371, 1343 and 1349.

It appears to the court that a mental health evaluation of the defendant should be ordered pursuant to Title 18, United States Code, Sections 4241, 4242 and 4247(b) and (c).

Pursuant to Title 18, United States Code, Section 3161(h)(1)(A), such time as is taken up by the evaluation and hearing may be properly deemed excludable under the Speedy Trial Act.

IT IS THEREFORE ORDERED:

(a)    That the defendant be committed to a suitable federal facility for such reasonable period of time as is necessary for the conduct of such psychiatric or psychological evaluation as is herein requested, such period not to exceed **forty-five (45) days from the date of admission**[1] to the designated facility without further order of the

---

[1]This is comprised of the 30 days allowed in 18 U.S.C. §4247(b), plus the 15-day extension. This alleviates the necessity of the facility having to request the 15-day extension.

court.  Unless impracticable, the evaluation shall be conducted in the suitable facility closest to this District.

(b)    That the United States Marshal and the Bureau of Prisons are hereby ordered to transport the defendant, Gordon L. Hall, to such federal facility.

(c)    That such psychiatric or psychological evaluation referred to herein be for the purpose of (1) determining whether or not, at the time of the criminal conduct alleged above, the defendant, as a result of a severe mental disease or defect, was unable to appreciate the nature and quality or the wrongfulness of his acts; and (2) determining whether or not the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

(d)    That the evaluation be conducted by a licensed or certified psychiatrist or licensed psychologist as required by Title 18, United States Code, Section 4247(b).

(e)    That upon completion of the evaluation as herein requested, the examiner(s) prepare a full report, such report to include all of the following as required by Title 18, United States Code, Section 4247(c):

(1)    The defendant's history and present symptoms;

(2)    a description of the psychiatric, psychological, and medical tests that were employed and their results;

(3)    the examiners' findings; and

(4)    the examiners' opinion as to diagnosis, prognosis, whether the defendant is suffering from a mental disease or defect rendering him mentally incompetent to understand the nature and consequences of the proceedings against him or to assist properly in his defense, and whether the person was insane at the time of the offense charged, using as a definition of insanity the standards set out in paragraph (a).

2

(f)    That the report herein requested be transmitted by electronic mail to the court at filingdocs_ecf_gren@scd.uscourts.gov and copies be provided to Benjamin Stepp, Federal Public Defender's Office, Two Liberty Square, 75 Beattie Place, Suite 950, Greenville, SC 29601 (tel. 864-235-8714), counsel for the defendant; and Assistant United States Attorney William J. Watkins Jr., 55 Beattie Place, Suite 700, Greenville, SC 29601, (tel. 864-282-2100), as provided in Title 18, United States Code, Section 4247(c).

(g)    That the time for the evaluation and hearing herein requested be excluded time in accordance with Title 18, United States Code, Section 3161(h)(1)(A), and that this case be continued for at least thirty (30) days after the date of the competency hearing.

(h)    That the Clerk of Court is directed to transmit a copy of this order by facsimile to both the United States Marshal and the Bureau of Prisons.

(i)    That if, for any reason, the defendant is not moved to a federal facility for evaluation, the United States Marshal shall so inform this court in writing, accompanied by an explanation.

IT IS SO ORDERED.


s/ Jacquelyn D. Austin
United States Magistrate Judge

April 10, 2013

Greenville, South Carolina

3