```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF SOUTH CAROLINA
                      GREENVILLE DIVISION


UNITED STATES OF AMERICA,        )    September 9, 2013
                                 )
        -versus-                 )    Greenville, SC
                                 )
GORDON L. HALL,                  )    6:13-170-1
BENTON T. HALL,                  )    6:13-170-2
          Defendants.            )
```

TRANSCRIPT OF PRETRIAL CONFERENCE

BEFORE THE HONORABLE J. MICHELLE CHILDS
UNITED STATES DISTRICT JUDGE, presiding


A P P E A R A N C E S:

```
For the Government:              WILLIAM J. WATKINS, JR, AUSA
                                 US Attorney's Office
                                 55 Beattie Place, Ste. 700
                                 Greenville, SC 29601

For Defendant Gordon Hall:       BENJAMIN T. STEPP, ESQ.
                                 Federal Public Defender
                                 75 Beattie Place, Ste. 950
                                 Greenville, SC 29601

For Defendant Benton Hall:       JESSICA A. SALVINI, ESQ.
                                 Salvini and Bennett
                                 101 W. Park Avenue
                                 Greenville, SC 29601

Court Reporter:                  KAREN E. MARTIN, RMR, CRR
                                 300 E. Washington Street
                                 Room 304
                                 Greenville, SC 29601
```

The proceedings were taken by mechanical stenography and
the transcript produced by computer.

2

1      Monday, September 9, 2013

2      (WHEREUPON, court was called to order at 10:01 a.m.)

3      **MR. WATKINS:**  Your Honor, we're here for Case

4  No. 6:13-170 for a pretrial conference in the case of

5  United States of America vs. Gordon L. Hall and Benton T.

6  Hall.

7      **THE COURT:**  Thank you.

8      All right.  And then at this time Mr. Hall is

9  being represented by whom?

10      **MR. GORDON HALL:**  Mr. Hall is represented here

11  by the un-enfranchised individual trustee for Gordon Hall.

12      **THE COURT:**  Okay.  Right now I have Mr. Hall

13  represented by counsel.  Who is the counsel of record?

14      **MR. STEPP:**  Ben Stepp appointed for Gordon Hall,

15  Your Honor.

16      **THE COURT:**  Okay.

17      **MR. GORDON HALL:**  I conditionally accept that on

18  proof of claim that staff was not terminated.  And if this

19  Court did not accept that therefore does not represent

20  Gordon Hall.

21      **THE COURT:**  Okay.  At this time he's

22  representing Gordon Hall until the Court deems otherwise.

23      **MR. GORDON HALL:**  And I conditionally accept

24  that under the previous stated terms and conditions.

25      **THE COURT:**  Okay.  Right now he is representing

1    you and then we will proceed.

2              Who is representing Mr. Benton Hall?

3         **MR. BENTON HALL:**  I'm here today as the private

4    un-enfranchised individual, the trustee for Defendant

5    Benton T. Hall.

6              **THE COURT:**  Are you Mr. Benton Hall?

7         **MR. BENTON HALL:**  I conditionally accept that

8    offer on proof of claim that --

9              **THE COURT:**  You accept what offer?

10        **MR. BENTON HALL:**  On proof of claim --

11             **THE COURT:**  You accept what offer?

12        **MR. BENTON HALL:**  -- that I'm here today as a

13   private un-enfranchised individual and trustee for the

14   Defendant Benton T. Hall.  It is not my capacity.

15             **THE COURT:**  Are you Mr. Benton Hall?

16        **MR. BENTON HALL:**  I conditionally accept that on

17   proof of claim I'm not here today as previously stated as

18   trustee for the Defendant Benton T. Hall.

19             **THE COURT:**  And, ma'am, you are Ms. Jessica

20   Salvini?

21        **MS. SALVINI:**  Yes, Your Honor.  For the record

22   I've been appointed to represent Mr. Benton Hall who is,

23   for the record, present in the courtroom.

24             **THE COURT:**  Okay.  All right.  As well as is

25   Mr. Gordon Hall.

4

1          **MR. BENTON HALL:**  And I conditionally accept

2     that on proof of claim she's identified the accused party.

3     And on proof of claim I have stated on -- stated what

4     capacity I'm here today as.  And that she hasn't been

5     given notice of her termination that the Court's tasked

6     acquiescence of that doesn't make that record the only

7     record before this Court.

8          **THE COURT:**  Okay.

9          Then, United States, let's talk about the

10    pending charges against these gentlemen so that we can

11    proceed with the pretrial conference.

12          **MR. WATKINS:**  Your Honor, we're currently on a

13    superseding indictment for Mr. Gordon and Benton Hall.

14    Count 1, alleging a conspiracy to obstruct justice; Counts

15    2 through 4, a wire fraud, a conspiracy; and finally, Your

16    Honor, Counts 5 through 8 alleging that they violated

17    USC -- 18 USC Section 514 by passing, uttering, filing

18    with the Court fictitious obligations purporting to be

19    obligations of the United States.

20          **THE COURT:**  Thank you.

21          All right.  At this time we are at a pretrial

22    conference so my original comments are directed to

23    counsel.  It is my understanding that both Mr. Gordon Hall

24    and Mr. Benton Hall have undergone psychiatric evaluations

25    and that both evaluations have deemed them competent.

1  Have you all reviewed their respective evaluations?

2          **MS. SALVINI:**  Yes, Your Honor.  And that was the

3  finding and Judge Austin did enter that as an order of the

4  Court.

5          **THE COURT:**  Okay.  And as to Mr. --

6          **MR. STEPP:**  Same thing, yes, ma'am, as to Gordon

7  Hall.  We've already had a hearing before the magistrate

8  judge and she made a ruling on that -- uncontested, I

9  might add.

10          **MS. SALVINI:**  I agree, Your Honor.  They -- both

11  defendants did agree that they were competent.

12          **THE COURT:**  Okay.  And I am also aware that they

13  have made various filings to the Court, essentially on

14  their own behalf, and they've done so while they've been

15  represented by counsel.

16          And on Friday this Court issued text orders

17  responding to certain documents filed in ECF specifically

18  informing Mr. Gordon Hall and Mr. Benton Hall that we

19  don't have what you call hybrid representation; which

20  means that once you are represented by counsel, you cannot

21  also be representing yourself.  And that the Court does

22  not have to look to or discuss at all or even consider

23  those documents because you can't have the Court

24  responding to documents by a pro se party -- alleged pro

25  se party and then someone who is also represented by

1    counsel.  In fact, it is unethical for the Court to engage

2    in correspondence or communications with someone who is

3    represented by counsel.  So I placed those orders in the

4    file so that there would be no more filings by your

5    clients, who they are your clients at this point in time

6    until the Court deems otherwise in that regard.

7              Have you discussed those orders with your

8    clients?

9              MR. STEPP:  Your Honor, I provided a copy of ECF

10   Filing No. 127 and I think it's -- excuse me, 126 and 129

11   regarding Gordon Hall to my client.  And I believe he's

12   read them.  I told him that they were here and I provided

13   them to him.  And he asked if he could look at them

14   himself.  And I would add, Judge, that he has from the --

15   from -- from I guess before he got to South Carolina from

16   Arizona, he had put the Court on notice that he did not

17   wish to have court-appointed counsel.

18             THE COURT:  And we want to address that

19   momentarily.

20             MR. STEPP:  Okay.

21             THE COURT:  But right now they understand that

22   until otherwise they are not to file any documents.

23             Do you understand that, Mr. Gordon Hall?

24             MR. GORDON HALL:  Excuse me, Judge, for a

25   moment.  I conditionally accept the offers that -- you

1  know, I understand that you have put in a text or is that

2  you, Judge, that has put in that text?

3          THE COURT:  Yes.

4          MR. GORDON HALL:  That text offer.

5          THE COURT:  It's not an offer, it's an order.

6          MR. GORDON HALL:  Excuse me, Judge, that text

7  order.  And I conditionally accept it has not been the

8  private un-enfranchised individual trustee for Gordon Hall

9  that's been filing those documents and that doesn't have a

10 right do that, that it wouldn't be -- to deny those

11 wouldn't be a denial of due process and equal protection

12 under the law in light of the notice has been given --

13 proper notice has been given to public defenders and the

14 courts as to termination of said services.  And the

15 question I have, Judge, are you telling me I can't resolve

16 this matter without an attorney receiving public benefits?

17         THE COURT:  Right now you are represented by

18 counsel.  So you cannot file any documents other than

19 through your counsel unless there is some claim against

20 counsel.  Right now I'm just talking about just general

21 requests of the Court.  Your counsel has to provide that

22 to the Court.  The Court can't respond to both you and

23 your counsel.

24         I do recognize that you have some type of

25 filings regarding your desire to terminate counsel.  We're

1  going to deal with that today as well.  But I just wanted

2  to let you know that the Court saw various filings --

3  extensive, voluminous filings by both you, Mr. Gordon

4  Hall, and Mr. Benton Hall, and then put a text order in

5  saying that we don't engage in hybrid representation,

6  which means you can't file certain things and then allow

7  your attorneys to file certain things.  The Court can't be

8  responding to both of you.  It's unethical for me to

9  communicate with you when you are represented by counsel,

10  as it would be anyone to communicate with you when you are

11  represented by counsel.

12          MR. GORDON HALL:  That makes good sense, Judge,

13  and that's why I conditionally accept it.  If there's any

14  representation on proof of claim that a proper notice

15  wasn't given for termination and the fact that the Court

16  understood and knew the intention of the private

17  un-enfranchised individuals, trustees for those defendants

18  and understood the situation that they were terminated and

19  that the Court tacitly acquiesced as well as the attorneys

20  tacitly acquiesced to said termination, Judge.

21          THE COURT:  Okay.  And the Court did not

22  acquiesce to any termination.  I haven't ruled on the

23  termination.  I just made you all aware that the filings

24  have occurred and we will address that in due course of

25  this proceeding.

1        **MR. GORDON HALL:** Without too much difficulty,

2   Judge, whose case is this? Is this not the defendant's

3   case?

4        **THE COURT:** It is the defendant's case.

5        **MR. GORDON HALL:** So the case -- the

6   defendant -- does the defendant not have a right to

7   terminate counsel?

8        **THE COURT:** We will discuss that. But what I'm

9   saying right now is as long as you are represented by

10  counsel, you have to allow your counsel to file

11  appropriate papers that they believe are competent

12  documents with this Court.

13       **MR. GORDON HALL:** That's assuming we had

14  counsel. And let the record show that there was no

15  counsel. Counsel was terminated. Nor can the Court

16  compel -- are you suggesting you can compel me to contract

17  without permitting the right of counteroffer?

18       **THE COURT:** We have not discussed your motion.

19  Right now they are still your counsel. You still have

20  counsel. We're going to discuss your motion in this

21  proceeding in due course. Okay?

22       **MR. GORDON HALL:** And I understand that. I

23  appreciate that, Judge. However, I didn't motion. I gave

24  notice of termination as it relates to the -- for the

25  defendant or myself.

1     **THE COURT:**  But I -- there are still due process

2  issues that I have to engage in to make sure that you are

3  aware of being competent, that I believe that you have the

4  ability to proceed on your own.  There's a process that

5  has to go forward in that regard before I could actually

6  allow you to be your own counsel of record.

7     **MR. GORDON HALL:**  Well, and I appreciate the

8  opportunity.  Proof of claim and competency by -- that my

9  remedy doesn't constitute competency and therefore

10  self-evident making the offer of counsel previously moot.

11  And it wouldn't be a trespass on the said contract and a

12  tortious interference with contractual relations.

13     **THE COURT:**  Understood that that's your

14  position.

15     Okay.  All right.  And then Mr. Benton Hall.

16     **MS. SALVINI:**  Yes, Your Honor, I did provide him

17  with a copy of the text orders that were given to me by

18  the Court.  And I did see him on Friday explaining what I

19  believe that the Court's ruling was going to be.  He -- I

20  presume that he read them while we were waiting for Your

21  Honor to come out.

22     **MR. BENTON HALL:**  Let the record show I'm here

23  today as previously stated as the private un-enfranchised

24  individual, trustee for the Defendant Benton T. Hall.  And

25  I conditionally accept everything on proof of claim that I

1   haven't given notice to this Court of the termination of

2   attorney.  And that in light of the plaintiff's acceptance

3   of the tender satisfying the plaintiff's claims in the

4   instant case, I don't hereby affirm under penalty of

5   perjury that I'm authorizing a plea and discharge for the

6   defendant.  And therefore making any more proceedings

7   other than the plaintiff to show cause why they shouldn't

8   be -- why they shouldn't be obligated to perform by the

9   intentions made manifest with the record before this Court

10  to hereby declare that these facts are true, correct, and

11  complete.

12          THE COURT:  Okay.  And do you understand that we

13  are here for criminal proceedings not civil proceedings?

14          MR. BENTON HALL:  I conditionally accept that on

15  proof of claim that the plaintiff's acceptance of the

16  tender doesn't make that moot.

17          THE COURT:  But you understand we are here on

18  criminal proceedings, not civil proceedings, and that the

19  alleged offenses that you are purporting to the Court go

20  to civil claims?  And there are no -- I'm not here on

21  civil claims with respect to your matters.

22          MR. BENTON HALL:  Are you suggesting that the

23  plaintiff doesn't have the right to contract?

24          THE COURT:  I'm not saying --

25          MR. BENTON HALL:  They don't have the right to

1    change their minds, and that the record before this Court

2    doesn't show a satisfaction of their claims in the instant

3    case?

4            THE COURT:  There is no satisfaction of claim.

5    You have pending indictments against you that indicate

6    specific criminal offenses that have been heretofore

7    stated by Mr. Bill Watkins, an Assistant US Attorney.  He

8    just acknowledged to the Court what the pending

9    indictments are that they will proceed against you in

10   terms of criminal court.

11           MR. BENTON HALL:  Are you telling me there is an

12   unresolved charging or accusatory instrument in this

13   matter?

14           THE COURT:  There is no instrument.  It is an

15   indictment.  It is the formal written charge that brings

16   this claim to court.  Your claims have gone before a grand

17   jury and it is the formal process by which we will proceed

18   in this matter.

19           MR. BENTON HALL:  I conditionally accept all of

20   that on proof of claim that the plaintiff performing their

21   obligations with respect to the contract before this Court

22   doesn't make that moot.  And that they aren't -- they

23   don't have the right to contract.  That I'm not here today

24   to resolve any other unresolved charging or accusatory

25   instruments for my inspection and execution so that this

1   Court may have remedy so as to save valuable public

2   resources.

3        THE COURT:  Okay.  And then right now we are at

4   a pretrial conference in which they -- the Government has

5   let you know what the formal charges are against you.  At

6   this pretrial conference, I need to know whether you

7   intend to plead guilty or plead not guilty and go to a

8   trial.

9        MR. BENTON HALL:  Well, Your Honor, I'll

10  authorize a plea of guilty to the well-pled facts so long

11  as there's no jail time, no supervised release, all fines

12  and penalties are adjusted in accordance with the tender,

13  and there's no prejudice to any of the rights, titles, or

14  interests of the defendant.

15       THE COURT:  Okay.  Let me tell you how it works

16  in criminal court.  If you enter into a plea of guilty, it

17  is because you are deeming yourself guilty of the facts

18  that are in the indictment as well as any factual basis

19  that supports the indictment.  Sentencing, however, is

20  left up to the Court.  I could not tell you that your

21  sentence would be as you have relayed, no jail time, no

22  supervised release, or any of these other methods.

23       I will not know that until we get a Presentence

24  Investigation Report in which the probation department

25  would interview yourself, interview any appropriate family

1   members, interview co-defendants, determine what your

2   criminal history is and then come up with a sentencing

3   guideline calculation which would then give me a potential

4   recommendation for sentencing.  So I don't know what that

5   recommendation will be.  This is not the time for the

6   actual sentencing.

7            You have the ability to enter into a plea

8   agreement with the Government which shall lay out certain

9   factors and agreements between you and the Government.

10  But sentencing is entirely left up to the Court.  The

11  presentence investigation document serves as a guideline

12  or recommendation to the Court giving me all of your

13  history and factors that I should consider.  But

14  sentencing is ultimately left up to the Court, not the

15  parties.

16           MR. BENTON HALL:  Well, Your Honor --

17           MS. SALVINI:  Your Honor, I'm sorry, I'm going

18  to have to interrupt Mr. Hall for just a moment.  I do

19  want to state for the record that after meeting with

20  Mr. Benton Hall on Friday afternoon, I did speak to

21  Mr. Watkins.  And so I want to state for the record that a

22  plea offer has been made to Mr. Benton Hall since he is

23  indicating that he desires to plead guilty with

24  conditions.  But for him to consider if he pleads guilty

25  to Count 1, which carries zero to five years and does

| | |
|---|---|
| 1 | require supervised release, the United States Attorney |
| 2 | would be willing to cap his sentence at five years. |
| 3 | That doesn't necessarily mean, Mr. Hall, that |
| 4 | you would receive five years. But the offer is to plead |
| 5 | guilty to Count 1, the obstruction charge, which would |
| 6 | carry zero to five and would require some supervised |
| 7 | release. |
| 8 | But I'm stating that for the record just so that |
| 9 | I meet my ethical obligation of relaying the plea offer. |
| 10 | **MR. BENTON HALL:** Your Honor, I don't deny nor |
| 11 | affirm any of the allegations in the charges the plaintiff |
| 12 | has brought forth. I merely accept them for what they |
| 13 | are. |
| 14 | And let the record show that I've authorized a |
| 15 | plea and discharge to be in accordance with the tender |
| 16 | that satisfies the plaintiff's claims, including this |
| 17 | superseding indictment that they're stating herein. And |
| 18 | any further proceedings won't be merely for the purpose |
| 19 | for the plaintiff to show cause why their acceptance of |
| 20 | the tender doesn't -- and their -- their refusal -- their |
| 21 | failing to fulfill their obligations thereto doesn't |
| 22 | constitute default and bad faith. |
| 23 | **THE COURT:** Okay. |
| 24 | One moment, Mr. Gordon Hall. Please sit down. |
| 25 | Let me finish with Mr. Benton Hall. |

1              You have been relayed an offer by the Government

2    with respect to your counsel.  So is it your intention at

3    this time to further discuss this offer with your counsel,

4    Ms. Jessica Salvini?

5              MR. BENTON HALL:  I conditionally accept that,

6    Your Honor, on proof of claim they haven't been -- that

7    Ms. Salvini hasn't been given notice of termination.  And

8    that anything the plaintiffs would like to discuss about

9    the matters re -- matters regarding the Defendant Benton

10   T. Hall, that they can't come to me privately.

11             THE COURT:  My question to you is do you intend

12   to retain her as counsel while you discuss this plea

13   agreement?

14             MR. BENTON HALL:  I conditionally accept that on

15   proof of claim she hasn't been given notice of her

16   termination.

17             THE COURT:  Okay.  So my understanding from his

18   comments are that Ms. Salvini shall remain as counsel for

19   Mr. Benton Hall to discuss further the plea offer in this

20   regard.  So he is indicating right now that he potentially

21   intends to enter a plea of guilty.

22             MR. BENTON HALL:  Excuse me.

23             THE COURT:  Yes?

24             MR. BENTON HALL:  Excuse me.  I'm -- your

25   question was whether I'm intending to do what with the

1    attorney again?  My apologies.  Could you repeat that?

2            THE COURT:  To have her remain as your counsel

3    while you all discuss potential -- this plea agreement and

4    your potentially entering into this plea agreement.

5            MR. BENTON HALL:  Well, as to remain the

6    defendant's counsel, no, that is -- that is not my

7    intention.

8            THE COURT:  Okay.  All right.  So then we will

9    discuss that.  So at this point do you not intend to plead

10   guilty?  Is that what I'm hearing?

11           MR. BENTON HALL:  Well, I'll authorize the plea

12   of guilty to the well-pled facts so long as it's in

13   accordance with the tender and there's no jail time, no

14   supervised release, all fines and penalties are adjusted

15   in accordance with the tender, and there's no prejudice to

16   any of the rights, titles, or interests of the defendant.

17   Otherwise, I'm authorizing a plea and discharge for the

18   plaintiff's acceptance of the tender and their fulfillment

19   of the obligations thereto.

20           THE COURT:  Do you intend to continue with the

21   services of Ms. Jessica Salvini as you try to negotiate

22   this plea agreement with the Government?

23           MR. BENTON HALL:  As she -- as she -- my

24   intentions are to resolve this between me and the

25   Government privately.

1    **THE COURT:**  Okay.  All right.  Thank you.  So

2    that means you would like the Court to consider you being

3    able to represent yourself.

4    **MR. BENTON HALL:**  I conditionally accept that on

5    proof of claim I'm not the private un-enfranchised

6    individual and trustee for the defendant.

7    **THE COURT:**  Okay.

8    And as to Mr. Gordon Hall, today is your

9    pretrial hearing.  Did you intend to plead guilty or not

10   guilty or go to trial?

11   **MR. GORDON HALL:**  I'm authorizing entry of plea

12   and discharge.  And I state and affirm under penalty of

13   perjury that the defendant has previously satisfied and

14   discharged the plaintiff's claim in accordance with

15   plaintiff's acceptance of the tender which has been

16   accepted and not returned, good consideration -- a

17   question, Judge, without troubling you much?

18   Pretrial, is it not an informal meeting at which

19   opposing parties confer, usually with the judge, to

20   work -- to work toward disposition of the case by

21   discussing matters of evidence and narrowing the issues

22   that are to be tried?

23   **THE COURT:**  The parties would generally work

24   with each other.  The judge, unless necessary, does not

25   get involved in those discussions.

1          **MR. GORDON HALL:**  Correct.  So I understand

2     we're here for a pretrial conference.  That's Black's

3     definition verbatim.  So on that basis, I'd like to work

4     with -- work -- or confer with the plaintiff so that we

5     can work toward disposition of this case by discussing

6     matters of evidence and narrowing the issues.

7          **THE COURT:**  Okay.  At this time you're

8     represented by Mr. Ben Stepp, who would be a party to

9     those conversations.  Is it your intention to continue

10     that representation with Mr. Stepp while you attempt to

11     work out any arrangement with the Government?

12          **MR. GORDON HALL:**  Mr. Stepp is, I'm sure, a very

13     competent attorney.  As he's accepted and been noticed as

14     to termination, and this Court was given it, he's not

15     currently now attorney for the defendant or myself.  And

16     so to continue is perhaps a misnomer.  But do I want to

17     reconsider allowing him as a public defender on behalf of

18     the defendant?  And the answer's at this time I don't feel

19     the need to.  So he has not been representing the

20     defendant nor myself.  And therefore I've come here today

21     for a pretrial conference with the plaintiff.

22          I didn't ask the attorneys to re-engage since

23     their termination back several months ago and even before.

24     And therefore, you know, we've come here for a pretrial

25     conference.  I accept that offer.  I would like to meet

1   with the plaintiff to discuss in accordance thereto what a

2   pretrial conference is for.

3        THE COURT:  Okay.  Right now you're represented

4   by counsel.  You've both indicated that you no longer wish

5   to be represented by counsel.  The Court has to engage in

6   a formal process, which means that I would place you under

7   oath, ask you certain questions, and make sure that I am

8   okay with your ability to proceed in your own defense,

9   make sure that you are aware of your rights in that

10   regard.  So I will set this for a separate proceeding to

11   deal with those particular issues.

12        MR. GORDON HALL:  I do appreciate that offer,

13   Judge.  You're very kind.  However, this being, as you

14   termed, my case, they have been terminated.  And I

15   conditionally accept any offer to -- on competency on

16   proof of claim that the remedy that's been provided and

17   accepted by the plaintiff doesn't constitute competency.

18        Can you tell me that they're not required to

19   fulfill their obligations of contract having -- having

20   accepted the tender?  Are you suggesting that they're not

21   obligated --

22        THE COURT:  I'm not suggesting anything.  I'm

23   not suggesting anything.

24        MR. GORDON HALL:  Okay.

25        THE COURT:  And right now we're dealing with the

1    process about whether or not these two competent lawyers

2    would remain as your counsel.  You've indicated that you

3    desire for them not to.  Is there any reason related to

4    them being somehow ineffective, somehow not communicating

5    with you, is there any reason in that regard or do you

6    just independently desire to represent yourself?

7             MR. GORDON HALL:  Well, again, they were

8    terminated.  So my opinion is -- not just my opinion, is

9    there any record in opposition to that termination?  So

10   let the record show they were terminated many months ago.

11   They're not currently attorneys for --

12            THE COURT:  But the Court still has a process by

13   which it will determine whether or not it will let you

14   proceed on your own.  I have to go through that process.

15            MR. GORDON HALL:  Well, then, I think I

16   conditionally accept that offer, again, under the

17   previously stated terms and conditions.

18            THE COURT:  Okay.  But you didn't answer my

19   original question.  Your desire to terminate Mr. Stepp,

20   does that have anything to do with him not being a

21   competent attorney, or failure to communicate with you, or

22   being ineffective in some regard?  Or are you just

23   desiring to represent yourself?

24            MR. GORDON HALL:  Well, I don't think being

25   before the public I conditionally accept the offer to

1    represent myself or the defendant --

2            THE COURT:  So is your answer no, that

3    there's -- you don't have any problems with Mr. Stepp, you

4    just instead desire to represent yourself?

5            MR. GORDON HALL:  My problem is -- excuse me,

6    Judge.  Allow me a moment here.  My problem is that

7    Mr. Stepp was terminated long before.

8            THE COURT:  So you didn't -- you terminated him.

9    But did you terminate him for any particular reason other

10   than your desire to represent yourself?

11           MR. GORDON HALL:  Well, not represent myself.

12   But if -- if -- I -- I -- was he not terminated -- I

13   terminated Mr. Stepp because I have the right to resolve

14   the matter.  Do I not?

15           THE COURT:  Okay.  That's fine.  I just want to

16   know why.  In other words, you're terminating him not for

17   any particular reason as to any dilatory actions or any

18   bad faith or anything that he's done.  It is just,

19   instead, it appears to me, your desire to represent

20   yourself.  Is that correct?

21           MR. GORDON HALL:  Your position -- your comments

22   about Mr. Stepp's competency, as far as I'm concerned

23   Mr. Stepp is probably an extremely competent attorney,

24   probably very efficient.  I've not had the benefit of any

25   of his services, so I couldn't tell you.  But from what

1   I've heard, he's quite an excellent attorney.  I have no

2   problem with him going out and representing whomever he

3   would like.

4          THE COURT:  Okay.  So you have no complaints

5   against Mr. Stepp; is that correct?

6          MR. GORDON HALL:  I have no complaints against

7   Mr. Stepp.

8          THE COURT:  Okay.

9          MR. GORDON HALL:  Other than if he's going to --

10  if he's representing either myself or the defendant in

11  this case, then I would have a concern as to his tortious

12  interference with contractual relations between myself and

13  the plaintiff.  And --

14         THE COURT:  You said if he were to represent

15  you.  But no complaints at this moment in time against

16  Mr. Stepp; is that correct?

17         MR. GORDON HALL:  If he's been assuming that

18  he's on this case, then I would have a concern as to his

19  tortious -- I would consider that a tortious interference

20  with contractual relations --

21         THE COURT:  And let me interject here.

22  Mr. Stepp remains on the case until the Court can

23  effectively terminate him, me terminate him myself.

24         MR. GORDON HALL:  Well, the Court has terminated

25  him.

24

1    THE COURT:  I have not terminated him.  This is

2    what this proceeding is about.  Up until this date, they

3    showed up in court because they still represent you.

4    MR. GORDON HALL:  Is this proceeding -- excuse

5    me, Judge.

6    THE COURT:  This proceeding is a pretrial

7    proceeding, but it also is dealing with pending motions.

8    And so one of your pending motions is whether or not you

9    wish -- your desire to terminate counsel.  So he is still

10    here representing you today until I terminate him.

11    MR. GORDON HALL:  I conditionally accept that on

12    proof of claim that that's not a motion before the Court.

13    That's a notice to the Court that he has been terminated.

14    THE COURT:  The Court will still engage in the

15    formal proceeding that I indicated to you earlier about

16    your ability to represent yourself.  And you've indicated

17    to me that you desire to represent yourself.  You no

18    longer wish Mr. Stepp to be your counsel.  And I just

19    wanted to make sure you have no complaints against

20    Mr. Stepp.  And I haven't heard any.

21    MR. GORDON HALL:  Well, you -- you -- you --

22    I -- I -- if you're saying that he's still on the case and

23    he considers himself on the case in light of the

24    termination notice that he has received, then in that case

25    I would have a complaint for tortious interference with

1    prospective -- um -- prospective contractual relations.

2            THE COURT:  What proof of any of that do you

3    have?

4            MR. GORDON HALL:  Is there any record in

5    opposition to that notice of termination?  But, excuse me,

6    Judge, perhaps this is all moot in light of the tender, in

7    light of my -- the plaintiff's acceptance of my tender,

8    which has satisfied and discharged the plaintiff's claims

9    in Case No. 6:13-00170 and doesn't make all of this moot.

10           THE COURT:  Okay.  All right.  I'm hearing no

11   complaints against Mr. Stepp.  And so now the next process

12   will be when I set a formal hearing to determine your

13   ability to represent yourself.

14           MR. GORDON HALL:  Excuse me?

15           THE COURT:  Yes.

16           MR. GORDON HALL:  Again, if Mr. Stepp has

17   considered himself as still being on this case in light of

18   the termination, I conditionally accept that on proof of

19   claim that that's not a tortious interference, wouldn't

20   constitute a complaint where I wanted to complain.

21           However, in light of the plaintiff's acceptance

22   of the tender which has satisfied and discharged the

23   plaintiff's claim in this instant matter, doesn't it make

24   all of that moot, whether I'm going to represent myself,

25   whether that -- and again, I'm here --

1          THE COURT:  We're not here on the substantive

2    matters of your case right at this moment.  We're here

3    about whether you wish to plead guilty or not and not on

4    your particular defenses.

5          MR. GORDON HALL:  And I --

6          THE COURT:  And then we're also here on whether

7    or not you wish to retain Mr. Stepp.  You've indicated you

8    do not.  So the Court will give you a date for a formal

9    hearing in that matter so that I can advise you of your

10   rights at that time.

11         MR. GORDON HALL:  Well, I conditionally accept

12   that isn't all moot based on the tender that's been

13   accepted that this matter has been resolved.

14         THE COURT:  The matter has not been resolved,

15   because you have not pled guilty nor have you indicated

16   that you -- your innocence and desire to go to trial.  So

17   the matter has not been resolved.  I have a pending

18   indictment with this court.

19         MR. GORDON HALL:  And I conditionally accept

20   that on proof of claim that I haven't put in and

21   authorized an entry of a plea and discharge.  And under --

22   under -- what do you call it?  Under penalty of perjury,

23   stated that the defendant has previously satisfied and

24   discharged the plaintiff's claims in this instant case.

25         THE COURT:  I understand that that's the

1    allegation or defense that you'd like to assert.  So I've

2    heard your position, respectfully.

3         All right.  Then as to Mr. Benton Hall, with

4    respect to Ms. Jessica Salvini, do you have any complaints

5    against Ms. Salvini?  I understand that you want to

6    dismiss her as your attorney.  But do you have complaints

7    against her?

8         **MR. BENTON HALL:**  Well, Your Honor, again, I

9    conditionally accept on proof of the private

10   un-enfranchised individual trustee for the defendant,

11   Benton T. Hall, and as of this time I don't have any

12   complaints against her.

13        **THE COURT:**  Okay.  Thank you very much.  So I am

14   going to set a separate hearing date to go over your

15   rights to proceed in your own representation and to make

16   sure that you understand those particular rights.

17        **MR. BENTON HALL:**  And I conditionally accept

18   that on proof of claim any future hearings won't be --

19   won't be for me to appear in the capacity as a private

20   un-enfranchised individual trustee for the defendant,

21   Benton T. Hall, to resolve any matters before this Court.

22   And that any future hearings wouldn't be merely for the

23   purpose of the plaintiff to appear and show cause why

24   their acceptance of the tender and obligations thereto

25   that have been made and their intentions made manifest

1  before the record of this Court won't be merely for that

2  purpose.

3         THE COURT:  Okay.  At this time --

4         MR. GORDON HALL:  Excuse me, Judge.  Forgive me

5  for interrupting.  And I conditionally accept your offer

6  for future hearings on proof of claim that the tender --

7         THE COURT:  Let me understand -- let me make

8  sure you understand.  I am making no offers to you.  What

9  I am stating in this court is what the next hearing date

10  will be, and that you'll be ordered to appear in your

11  capacity as the defendants represented on the particular

12  indictment.

13         I don't have these other persons in other

14  capacities on any indictment before the Court.  So there's

15  no jurisdiction over whoever you deem these other persons

16  to be.  I have Gordon Hall and Benton Hall, and those are

17  the defendants who will appear in this court.

18         Now, Mr. Watkins --

19         I heard from you, sir.

20         Now, Mr. Watkins.

21         MR. WATKINS:  Ma'am.

22         THE COURT:  You've heard now that both

23  defendants indicate that they wish to dismiss their

24  counsel.  So at this time the pretrial hearing itself

25  would not go forward.

1          It's the Court's suggestion that we enter into a

2    separate hearing date to inform them of their rights and

3    their ability to proceed in their own regard and then

4    whether or not the Court would also attempt to order

5    shadow counsel for purposes of a potential trial in this

6    case.  But I'd also like to go ahead and discuss the

7    potential trial date today.

8          **MR. WATKINS:**  Yes, ma'am.

9          **THE COURT:**  Because at least right now I do not

10   have them indicating that they wish to plead guilty.

11   There is some indication that they intend to continue to

12   negotiate, but they're not pleading guilty today.

13         **MR. WATKINS:**  Yes, ma'am.

14         **THE COURT:**  Is there anything else in light of

15   all the conversation that we've had with the gentlemen

16   today that you'd like to add to the record in terms of any

17   response to any of their comments?

18         **MR. WATKINS:**  No, ma'am.  I'm agreeable with the

19   Court's suggestion that we set a Faretta hearing since I

20   think all indications are they desire to represent

21   themselves and do not desire to plead guilty to the

22   indictment.  And we should do that as well as look at

23   trial dates, Your Honor.  I agree with you.

24         **THE COURT:**  Okay.  Now, they continually

25   represent that they've made some type of offer to you that

1    you have defaulted upon.  And if you can bring the Court

2    up to speed in that regard.

3           MR. WATKINS:  Yes, ma'am.  Benton Hall and

4    Gordon Hall, as Your Honor's seen by the docket, have

5    submitted numerous filings.  From the Government's

6    understanding of these filings, it is their belief that

7    rather than the Federal Rules of Criminal Procedure, case

8    law as interpreted by the courts, and the statutes at

9    issue listed in the indictment, that they believe some

10   general principles of a Uniform Commercial Code applies.

11   And that if they serve me with a document, and frankly,

12   fictitious bonds or money orders as the Government's

13   brought counts against them for doing that in other cases,

14   that if I don't respond to them as some sort of merchant

15   in the trade, that I have accepted that offer and they're

16   to be set at liberty.

17           As the Government has indicated in its previous

18   filings with this Court citing case law, this redemption

19   theory, this commerce theory has been rejected by numerous

20   courts where sovereign citizens, such as the Halls, have

21   raised it.  I've not entered into any kind of contract

22   with them.  Your Honor, if we were to enter into a plea

23   agreement, it would have to be according to Rule 11 of the

24   Federal Rules of Criminal Procedure and, you know,

25   certainly no Uniform Commercial Code.

1          So this tender that they keep talking about is

2     essentially these documents, these set-off bonds that

3     they've sent to the Court.  And they claim by the fact

4     that I've not responded within whatever allotted period of

5     time they think I should have, that I've accepted them,

6     and that you should dismiss the case.  Because in their

7     view, all law is contract law and they don't recognize a

8     distinction between civil and criminal proceedings.

9          Of course, the Government disagrees with that.

10    And as Your Honor indicated in the text order, I've not

11    seen any valid support for such arguments because,

12    frankly, none exist.

13               THE COURT:  Okay.

14          And, Madam Clerk, if you wouldn't mind, I want

15    you to pull up the text order that I issued with respect

16    to the various filings and the allegations.  And I just

17    want to state that on the record again.

18          And I just would like Mr. Gordon Hall and

19    Mr. Benton Hall to stand.  I want to remind you --

20    gentlemen, if you would please stand.

21               MR. BENTON HALL:  I conditionally accept on

22    proof of statute --

23               THE COURT:  There is nothing to accept.

24               MR. GORDON HALL:  As previously stated --

25               THE COURT:  Okay.  All right.  I want to remind

1    you that we discussed earlier in this hearing about that

2    there is no constitutional right to hybrid representation.

3    And therefore, in the text order we stated that the

4    district court is not obligated to consider pro se motions

5    by represented litigants.  And you are currently, until

6    this moment, represented by Ms. Salvini and Mr. Stepp.

7           **MR. GORDON HALL:**  I conditionally --

8           **THE COURT:**  We issued a separate text order in

9    which we acknowledge that you had numerous filings along

10   the lines of those discussed by Mr. Watkins.  And that in

11   that particular text order --

12          I'm sorry, Madam Clerk, it's a different -- oh,

13   I'm sorry, you got it.

14          In that particular text order we specifically

15   indicated that we are aware of all these various filings

16   containing assertions that the criminal action or these

17   indictments that are pending against you should be

18   dismissed because the United States has accepted an offer

19   of real and personal property from you.  And we also

20   indicated that it appears that you believe that you have

21   reasons for dismissal and that those are meritorious

22   reasons.

23          But we also informed you that we are unaware of

24   any legal support for your assertions.  Because again, at

25   the beginning of the proceedings, I indicated that there

1    is a distinction between a civil matter and a criminal

2    matter.  The asserted allegations or defenses you're

3    attempting to assert apply in a civil matter.  And you

4    have pending criminal indictments against you.

5          So the Government's failure to respond does not

6    necessarily indicate any particular default on their

7    behalf.  They are not responding because it's not

8    something that is related to a criminal defense or

9    something that they can acknowledge as a criminal defense

10   in this matter.

11         And I understand that you are -- were proceeding

12   as your own -- in your mind representing yourselves

13   although you have been represented by counsel.  But the

14   Court has informed you that those particular alleged legal

15   assertions or defenses to these allegations in the

16   indictments against you, we have also not been aware of

17   any particular legal authority that supports that you can

18   defend yourself in that manner because these are

19   assertions that apply to a civil court.  And this is not

20   civil court.  This is a criminal court with pending

21   criminal indictments against you.

22         So I just want you to make sure that you

23   understand that that's the Government's response and that

24   the Court has also responded in that regard so that you do

25   not continue with these types of filings in that regard.

1          MR. GORDON HALL:  I conditionally accept that

2     offer reiterating all of the previous conditional

3     acceptances because you brought up so many issues here in

4     this last discussion here for the last minute or two that

5     you've been going on without me being able to remember

6     each and every one of them and deal with them.  I

7     reiterate again the previous stated conditional

8     acceptances to each one of those issues that you brought

9     up as well as, again, that this Court or any state or any

10    body can pass any law impairing the obligation of contract

11    as protected by -- as guaranteed and protected by the

12    United States Constitution.  And that the plaintiff

13    hasn't -- has not and in fact has entered into a contract

14    wherein they have accepted a tender --

15          THE COURT:  And what is the tender you're

16    referring to?

17          MR. GORDON HALL:  Exactly -- is it not what you

18    have read in there?  Did they not accept real and personal

19    property?  And therefore, are they not obligated under

20    contracts to discharge or fulfill their obligations of

21    contract?  Unless you're --

22          THE COURT:  What are you considering the

23    obligations of contract?

24          MR. GORDON HALL:  Is it not in the record,

25    Judge?

1          THE COURT:  Okay.

2          MR. GORDON HALL:  Is the record not clear that,

3   number one, that they have accepted the tender, which has

4   satisfied and agreed thereby that it has satisfied and

5   discharged plaintiff's claim in the instant case --

6          THE COURT:  And let me just ask you,

7   Mr. Watkins, have they forfeited property?

8          MR. WATKINS:  Your Honor, they've not cooperated

9   at all.  We've seized property when we executed a search

10  and seizure warrant.  But no, they've not cooperated at

11  all in these proceedings.

12         THE COURT:  Okay.  I was just trying to get a

13  sense of what they're referring to.

14         MR. GORDON HALL:  I think you asked a question,

15  whether they -- whether we had tendered property.  Is the

16  plaintiff's position that he's denying having received

17  quitclaim deeds to property as well as real and personal?

18  Is he denying that?  Plaintiff?  Are you denying that you

19  have received quitclaim deeds?

20         THE COURT:  He doesn't have to respond in that

21  regard.  Okay.  I just wanted to understand what the claim

22  is about.  That's okay.  All right.  So now --

23         MR. GORDON HALL:  Tender was made and accepted

24  and therefore a contract is formed.  And we have a

25  situation here and I conditionally accept that the

1    situation isn't that by acceptance has not created a

2    binding contract.  And that the plaintiff is not obligated

3    to fulfill its obligations of contract thereto and respect

4    to said tender.

5         THE COURT:  Okay.  All right.  At this

6    proceeding, obviously, you're represented by counsel.  But

7    then you've given us notice that you no longer intend to

8    be represented by counsel.  You indicated there's no

9    complaints against counsel.  I'm going to go ahead and set

10   your next hearing date so that we can discuss your ability

11   to represent yourself.

12        MR. GORDON HALL:  Judge, please don't

13   misrepresent that we've accepted that they've represented

14   either us or the defendants up to this point.  Our

15   position has been in accordance with the record before the

16   Court.

17        THE COURT:  But you were appointed counsel?  Is

18   that correct?  You were appointed counsel by the Court?

19        MR. GORDON HALL:  The -- the record is clear

20   that the counsel that you're referring to was terminated

21   long before today.

22        THE COURT:  Okay.  But my question to you is

23   that you were appointed counsel by the Court?

24        MR. GORDON HALL:  The defendant at one point in

25   time may have been appointed counsel by the Court, but it

1    was immediately terminated so that they --

2           THE COURT:  I understand.  But the point I

3    make -- you were appointed counsel by the Court so they

4    were just fulfilling their duties and obligations with

5    respect to the appointment.

6           MR. GORDON HALL:  The defendant may have been

7    appointed counsel months ago.  And simultaneously a

8    termination notice was put in so that there would be --

9           THE COURT:  But my question is only whether or

10   not you were appointed counsel.

11          So they were appointed and they were fulfilling

12   their duties and obligations to this point.  I find that

13   there are no complaints with respect to their

14   representation.

15          MR. GORDON HALL:  Well, not up to this point --

16          THE COURT:  Now let's proceed on.

17          MR. GORDON HALL:  -- and at the other previous,

18   but go ahead, Judge.

19          THE COURT:  Let's proceed on.  The next hearing

20   date, Madam Clerk, for the Faretta hearing in which these

21   defendants will be advised of their rights and I will

22   place them under oath to ask them certain questions.  And

23   then also make a determination as to whether or not you

24   will be able to proceed in representing yourself and/or

25   whether or not I will have standby counsel for you.

1        And to the extent that you do not have any

2   further complaints against these particular counsel, it is

3   possible that if I allow you to proceed on your own, that

4   I would still potentially appoint them as standby counsel,

5   which means that they would still sit at counsel table.

6   And to the extent that there is any question that you

7   might want to ask them about procedure or various things

8   going on in or around the court or any questions about

9   various things, they would still be there and available to

10  answer your questions, although you would still be allowed

11  to represent yourself if that's the Court's finding at

12  that time.

13        MR. GORDON HALL:  That's a very kind offer,

14  Judge, to offer standby counsel.  However, are you telling

15  me now that I cannot resolve this matter without an

16  attorney receiving public benefit?  Yes or no.

17        THE COURT:  At this point in time, I will need

18  to advise you of your right to proceed on your own.  And

19  then I'll make the determination.

20        Let me hear from counsel.  Right now, they do

21  not intend to have you continue to represent them.  So I'm

22  going to -- do you see any reason why I could not

23  terminate you at this point?

24        MS. SALVINI:  The only issue that I have, Your

25  Honor, is that I've been provided a banker's size box of

1    documents.  And I've provided several CDs that would

2    require a laptop to be able to have Mr. Hall -- Benton

3    Hall hear the tape-recorded calls the Government has

4    provided as well as to review the documents.  So at this

5    point, I'm happy to remain on as standby counsel.  I'm

6    happy to assist in making sure that Mr. Benton Hall can

7    review these items and make arrangements to be there in

8    the jail for him to take a look at them.

9             The only issue that I see with Mr. Benton Hall

10   not having counsel, despite his objection, is his

11   misunderstanding about what laws apply in this type of

12   court setting.  So, for example, Mr. Gordon Hall is

13   reciting to the Court Black's Law Dictionary or something

14   he's read about pretrial conferences in civil court where

15   the parties confer and sometimes informally with the

16   judge, versus what happens in a criminal court at a

17   pretrial conference dealing with motions and scheduling

18   and setting schedules for a jury selection and motions in

19   limine and those sorts of things.  I don't think that

20   Mr. Benton Hall understands evidentiary issues or the fact

21   this is a criminal court, nor does he really understand or

22   care to want to listen to me about the elements the

23   Government has to prove with respect to each charge, what

24   their burden is, and therefore how to defend against it.

25            So those are my only concerns with that regard.

1    The discovery, how that's handled, and whether or not

2    Mr. Benton Hall understands the elements the Government's

3    going to have to prove at trial in order to be able to

4    successfully defend against them.

5         I can certainly raise his defense of we provided

6    all this to the Government.  They've received all this

7    real property or they've seized it, therefore we shouldn't

8    be in trouble, we should not be held responsible or be

9    found guilty of obstruction of justice.  And the

10   instruments we filed we believe were correct or valid or

11   whatever the case may be.  He can certainly raise that as

12   a defense.  But that still doesn't speak to each element

13   the Government has to prove and whether or not he's able

14   to do that at a trial to cross-examine witnesses

15   effectively for that purpose.

16        I -- unfortunately, and I mean this with no

17   disrespect to him, I think what the Court's going to hear

18   every time a witness gets on the witness stand, I

19   conditionally accept that you've made this statement to

20   the jury upon proof that the tender wasn't already

21   accepted by the plaintiff and therefore this action is

22   moot and it should be discharged.  I don't think a jury is

23   going to even understand what that means since it doesn't

24   apply in this courtroom.  Nor would any jury instruction

25   to them explain what that means because it doesn't apply

41

1    in this courtroom setting.  It may not even apply in a

2    civil setting.  But nevertheless, it does not apply to the

3    elements the Government has to prove on obstruction of

4    justice, which is the first count.

5            THE COURT:  So --

6            MR. BENTON HALL:  Excuse me, Your Honor.

7            THE COURT:  -- but then --

8            One moment.

9            But then back to the question about being able

10   to be terminated now at this proceeding until we get to

11   the next proceeding, I'd like to hear from counsel.

12           MR. WATKINS:  Your Honor, if I could just put

13   one thing on the record?  I would at a minimum request

14   that the Court, I understand we're going to have a Faretta

15   hearing at another time which considers the right of these

16   men to represent themselves.  The Government would urge,

17   at a minimum, that these two lawyers remain as standby

18   counsel.  One is we have a discovery order in this case

19   that Judge Austin put in place early on.  You know, they

20   might choose not to participate in the proceedings.  But

21   as Ms. Salvini has represented, I've turned over thousands

22   of documents as well as CDs with bank records and recorded

23   conversations relevant to the case.  And for these men to

24   be able to review those, in light of a proper discovery

25   order in this case, whether it be Ms. Salvini herself or a

1    paralegal bringing a computer, for example, into the jail

2    so Mr. Hall could listen to those if he chose, I think

3    they would be needed for that, Your Honor.

4         And the Government will move in limine at the

5    appropriate time that these -- while arguably Ms. Salvini

6    pointed out that Mr. Hall might say, well, I really

7    believe these fictitious instruments were legitimate, I

8    disagree with that but that might be a possible defense to

9    a 514 charge.

10         But this conditional acceptance and tender and

11   UCC, the Government will move in limine that that's not

12   part of this case.  The Government -- that's not a valid

13   defense in this case.  And frankly, if they're -- intend

14   to --

15         THE COURT:  And I will assume -- I assume that

16   you would do that sooner rather than later.

17         MR. WATKINS:  Yes, ma'am.

18         THE COURT:  Okay.

19         MR. WATKINS:  And you know, frankly, I've got --

20   I know we're not at the Faretta hearing, but I've got

21   the -- some recent law from the Fourth Circuit, actually

22   an August 9, 2013 order that discusses the Government's

23   interests in ensuring the integrity and efficiency of the

24   trial at time outweighs the defendant's interest in acting

25   as his own lawyer.  And, of course, it indicates the Court

1    must determine that an assertion of the rights of

2    self-representation is clear and unequivocal where the

3    defendant's actions suggest a desire to delay or

4    manipulate the system more than a desire to represent

5    one's self.

6            Frankly, Your Honor, what I'm hearing today is

7    desire to manipulate the system.  These contract claims,

8    and I question -- I just want to put that out there.  I

9    question whether self-representation would indeed be

10   appropriate in light of the Government's interests in this

11   claim.  I know we're not there today, but I just wanted to

12   put the Court on notice of that.  But, Your Honor, I do

13   agree counsel is necessary for discovery purposes.  And

14   we'll be ready to go forward at a Faretta hearing on their

15   representation.

16           THE COURT:  Okay.  And give me the case cite,

17   please?

18           MR. WATKINS:  Sure.  I'll give you this case if

19   you'd like, Your Honor.  For the record it is United

20   States vs. Tucker.  August 9, 2013.  2013 WL 4034472.

21   It's a Fourth Circuit case with Judges Traxler, Gregory,

22   and Thacker ruling.

23           THE COURT:  Thank you.  Okay.  All right.  So

24   I'm hearing you to state that allow Mr. Stepp and

25   Ms. Salvini to remain on as standby counsel until that

1    hearing so that all discovery documents remain in their

2    possession.

3              **MR. WATKINS:**  Yes, ma'am.

4              **THE COURT:**  Okay.

5              **MR. STEPP:**  Your Honor, may I say something?

6              **THE COURT:**  Yes, Mr. Stepp, I want to hear from

7    you.

8              **MR. STEPP:**  Regarding Gordon Hall, I mean, I was

9    not here at their initial appearance.  And when the Court

10   appointed the public defender, my review of the record

11   indicates that when -- now speaking to the Gordon Hall

12   situation, when he was brought into court in Arizona on an

13   initial appearance regarding this charge, I did some

14   checking into the documents out there.  And I believe that

15   documents were filed with the court in Arizona where he

16   filed a motion to discharge his count-appointed counsel

17   there.

18             A motion has been filed here -- immediately, I

19   believe, if not before he arrived in South Carolina.  And

20   he's filed it several other times since then.  He's been

21   adamant that he did not want services of the

22   court-appointed counsel.  And I would say that I have met

23   with him and I have tried to tell him that my appointment

24   comes from the order of the court.  And I'm in it until

25   the Court says I'm not.  And I've tried to explain that to

1   him.

2          And hearing what he's said here today about the

3   issue of him representing himself, he obviously has a

4   theory of the defense of the case.  And that theory may

5   very well disagree with what I, as a licensed attorney who

6   has obligations not only to him but as an officer of the

7   court, we may have different opinions about whether

8   there's any legal basis that I, as an attorney could

9   advance those issues.  And he -- from what I hear him

10  saying to the Court today, it sounds like he has his own

11  theories and that is probably fine.  But I don't want to

12  be stepping on his toes in the courtroom.

13          I would just say, Judge, at some point if the

14  Court is inclined to let them represent themselves that

15  our role or my role needs to be defined so that he

16  understands it and I understand it.  Because I'm

17  concerned, I would just throw this out there, that if I'm

18  sitting at the table with him as standby counsel, he may

19  lose the right to have his appearance in front of a jury

20  be it's him versus the United States or the United States

21  versus him instead of him having somebody sitting beside

22  him who that jury doesn't know who that person is, why

23  they're there, why they're not speaking, and if they are

24  speaking, what are they talking about.  I'm just saying

25  that, Judge, that he's made it clear I think today and

1    previously that he did not want the services of at least

2    the public defender.  And again, I've got this large --

3            THE COURT:  When you say a jury not

4    understanding why they're speaking -- you're assuming that

5    you would be at counsel table as standby counsel.

6            MR. STEPP:  And I thought I heard the Court say

7    that was an option that we would be there.

8            THE COURT:  But we could work out those

9    parameters because it may be that you'd be sitting behind

10   them and not have counsel at table.

11           MR. STEPP:  And I know there's different ways to

12   do it.  I've been down this road before.  And I've sat

13   outside in the audience and if they want me they can, you

14   know, talk to me on the break or something.

15           THE COURT:  I believe that if that were going to

16   be the case that we would put in an order about what

17   standby counsel is to do and negotiate the terms of that

18   agreement as well.

19           MR. STEPP:  And I would say, just to follow up

20   on what he said, all of the documents that -- I filed no

21   documents with the Court.  I think the record would show

22   that any filings have come from Gordon Hall.  And he

23   hasn't consulted me ahead of time.  And that's the way he

24   wants to do it.  And that's fine.

25           But it's just -- he has operated on the

1   assumption that I'm not his lawyer.  He doesn't want me to

2   be his lawyer.  And he's been very respectful to me in

3   talking with me, but he's been pretty -- very clear about

4   that situation.

5           THE COURT:  Okay.  Here's what I'm going do now.

6           Madam Clerk, give me what I perceive will be my

7   calendar so I can look at my next available date for the

8   Faretta hearing.

9           MR. GORDON HALL:  Will we have a chance to speak

10  before we complete here today, Judge?

11          THE COURT:  I'm sorry?

12          MR. GORDON HALL:  Will you allow us a chance to

13  speak?

14          THE COURT:  Okay.  One moment.

15          Okay.  The Faretta hearing in which we will

16  discuss and inform you of your rights, of your ability to

17  proceed as counsel and place you under oath at that time

18  will be October 9 at 2 o'clock.

19          And then, right now I'm going to advise

20  Mr. Stepp and Ms. Salvini that you will remain on the case

21  as standby counsel.  So you are responsible for holding on

22  to all of the discovery.

23          I am also going to advise Mr. Gordon Hall and

24  Mr. Benton Hall that because I have not totally terminated

25  the representation of Mr. Stepp and Ms. Salvini, there

1    shall be no more filings with the Court until we determine

2    how you are going to be represented before the Court.  I

3    have, respectfully, voluminous documents indicating what

4    you believe your position will be and how you wish to

5    proceed in your defense.  You have adequately stated on

6    the record in your voluminous filings what your intention

7    is with respect to how you wish to proceed in this

8    defense.  So the Court doesn't need to receive any other

9    such documents in that regard.

10            I have not terminated this counsel right now.

11    They are merely serving as standby counsel for the

12    opportunity for you ask questions of them or correspond

13    with them as you deem appropriate.  Counsel does not have

14    to confer with you anymore because you've indicated that

15    you no longer desire for them to represent you.  So they

16    would only be responding to any inquiry or any

17    communications that you set forth and will hold on to all

18    the discovery at this point because I do not believe it is

19    appropriate to turn over that discovery to you at this

20    time.

21            **MR. GORDON HALL:**  I conditionally accept that

22    offer.  And I do appreciate your very kind offer to have a

23    public benefit.  However, said public benefit would

24    prejudice my right to resolve the matter.  And I

25    conditionally accept again under the previous stated

1    conditional acceptance that this entire hearing today,

2    including the fact that plaintiff's acceptance of my

3    tender, our tender which has satisfied and discharged

4    plaintiff's claim --

5           THE COURT:  I understand that you are continuing

6    to assert that position.  And I've heard it several times

7    in the hearing.  And it's -- and several times indicated

8    in your documents.  So I don't need to hear that anymore

9    at this proceeding.  I believe you have well protected

10   your record in that regard by your many filings and then

11   your many statements on the record for that same type of

12   defense.

13          So next we will also inform you of what will be

14   the potential trial date in this matter.  So let me hear

15   issues with respect to their speedy trial.

16          MR. BENTON HALL:  Excuse me, Your Honor, excuse

17   me.

18          THE COURT:  Yes.

19          MR. BENTON HALL:  As a point of order, are

20   you -- are you obligating us to perform with standby

21   counsel?  Are you compelling us --

22          THE COURT:  I have not compelled that yet.

23   That's the purpose of the October 9 hearing, for me to

24   determine if I am going to allow you to proceed to

25   represent yourself.  Because you have indicated an intent

1   to terminate Ms. Salvini and Mr. Stepp, I am acknowledging

2   that that is your desire.  And until we resolve whether or

3   not you are going to proceed on your own, I am telling

4   them to remain as standby counsel in this case so that

5   they will hold on to the discovery.  They will be there,

6   available for any questions or to the extent that you wish

7   to have them assist you in negotiations with the

8   Government.  Should you decide between now and then that

9   you wish to enter into any type of plea arrangement or

10  anything else, then they're available to assist you in

11  that regard with your communications with the Government.

12          Because they are still in the case in a capacity

13  of standby counsel, there shall be no more filings with

14  this Court.  Because you have adequately and duly informed

15  the Court of your desire to present these various defenses

16  with respect to your notices of default, notice of fraud

17  on the court, conditional acceptance, et cetera.  So those

18  are adequately represented.  And you've also adequately

19  stated that on the record.

20          MR. GORDON HALL:  Are you denying our right to

21  make filings in this court case?

22          THE COURT:  There's no need to make anymore

23  filings between now and October 9 if they are going to be

24  of a similar nature is what I'm saying.  Those --

25          MR. GORDON HALL:  I appreciate --

1          THE COURT:  -- have already been represented in

2    the record.

3          MR. GORDON HALL:  So in other words, you are not

4    denying my right to make filings in this court case?  In

5    this court?

6          THE COURT:  Well, right now they're -- I have

7    standby counsel --

8          MR. GORDON HALL:  Again, standby counsel is

9    accepted under the previous things.  And are you

10   compelling --

11         THE COURT:  I understand.  But what I'm trying

12   to prevent right now is that I have not decided that you

13   can represent yourself right now.  And standby counsel is

14   to be whom you can communicate with if you desire.  But

15   right now, we've already responded to your various

16   filings.  And if all you're going to do is be repetitive

17   in presenting these types of defenses, you've already

18   protected your record in that regard.  You've protected it

19   orally here today.  You've also given me voluminous

20   filings indicating your intent to proceed forward with

21   these defenses.  The Court will deal with that at a later

22   time.  But right now I don't need anymore filings in that

23   regard.

24         MR. GORDON HALL:  I appreciate that I've been

25   voluminous in these -- protecting my position in the

1    filings.  However, it seems that you're -- the Court

2    intends to compel a benefit, a public benefit, which will

3    prejudice my rights.  And on that basis --

4         THE COURT:  I don't understand what you mean by

5    compel a benefit.  We are going to offer you due process

6    at a later hearing in which I will determine your ability

7    to proceed for yourself.  There will be a formal hearing

8    that I will deal with.

9         MR. GORDON HALL:  And you're saying I'm

10   indicating, Judge, am I not, that you have compelled

11   standby counsel, which does prejudice my rights to provide

12   the remedy which has been provided and to accept said

13   standby counsel, would it not prejudice my remedy?

14        THE COURT:  No, it's not.  Because they are

15   going to hold on to the discovery in this case until we

16   make a decision about your ability to proceed on your own.

17        MR. GORDON HALL:  I don't need -- excuse me,

18   Judge, thank you.  I don't need them to hold on to

19   discovery from the plaintiff in light of the previous

20   stated facts.  And as you indicated, my continuing

21   objection, it's not so much objection, my continuing

22   conditional acceptance and my right to have -- again,

23   asking, are you suggesting that my right to receive the

24   benefit of the contract is to be denied?

25        THE COURT:  I haven't suggested anything.  This

1    will be all determined at a later date.  That's what I'm

2    telling you.  We're going to proceed with the Faretta

3    hearing.  I've heard all the concerns in that regard so

4    let's move forward.

5            I need to hear from the Government with respect

6    to potential trial dates and the speedy trial clock.

7            **MR. WATKINS:**  Your Honor, one issue the

8    Government has, and I have currently some time ago

9    disclosed to Mr. Stepp and Ms. Salvini notice of expert

10   testimony that the Government will offer at the trial

11   dealing with the last counts of the indictment, the

12   fictitious instruments.  That gentleman's name is Bill

13   Kerr.  He's a former officer with the Office of the

14   Comptroller of the Currency that will testify as to the

15   invalidity of the instruments that the Halls presented to

16   the Court.

17           He, Your Honor, has let the Government know that

18   he has been -- his wife has had an illness and she has

19   been diagnosed and he had to put back his hip replacement

20   surgery for early October.  Because of the pending medical

21   proceedings that he's had scheduled, he is not available

22   to travel to testify until after November 21st of this

23   year.  He indicated that an early December trial date, for

24   example, would be no problem, if Your Honor has that

25   available.  But he has indicated to me that from

1  November 21 on, he expects to be available.

2         And again, the Government's already given notice

3  to the defendants through their counsel of this use of

4  expert testimony.  So the Government would respectfully

5  request that any trial be set so our expert could travel

6  and testify.

7         THE COURT:  Okay.  I believe that sounds like a

8  very legitimate reason and for good cause I would continue

9  this trial until a date in December.  Madam Clerk, the

10  second week in December?

11        THE CLERK:  The trial would be December 9th

12  through the 13th.  And jury selection would be

13  November 25th.

14        THE COURT:  Okay.  So if the defendants decide

15  to not plead, then the trial will be December 9 for that

16  week, and then longer if necessary.  And then jury

17  selection November 25th.

18        Mr. Stepp?

19        MR. STEPP:  One thing, Judge.  I have a pending

20  matter in front of Judge Lewis in Spartanburg.  A

21  co-defendant was trying to nail down a set date for trial.

22  And December came up as the time when he had suggested.

23  And at the time I last discussed that with him last week

24  or the week before, and I told him it didn't matter to me.

25  And I just need to look and see when that is.

55

1          THE COURT:  Okay.

2          MR. STEPP:  I think it may be like the 4th or

3    5th of December but I'm not really sure.  And I'll -- I

4    can take that up with the clerk.

5          THE COURT:  Okay.  Is that a matter that would

6    continue for days or just a day or what?

7          MR. STEPP:  It would probably be two, maybe

8    three, tops.  It is just hard to tell.

9          THE COURT:  Okay.  And we can adjust our date to

10   begin sometime during that week.

11         MR. GORDON HALL:  These attorneys have been

12   terminated, Judge.

13         THE COURT:  They have not been terminated, they

14   are standby counsel.

15         MR. GORDON HALL:  And they have been terminated

16   as stand -- and let the record show they're terminated as

17   standby counsel also.

18         THE COURT:  That is your request.  The Court has

19   not terminated them as standby counsel.

20         MR. GORDON HALL:  This being my court, then I --

21   I give notice that they are hereby terminated as standby

22   counsel.

23         THE COURT:  That is your request.  Okay.

24         MR. GORDON HALL:  It's not a request.  It's an

25   order.

Karen E. Martin, RMR, CRR
US District Court
District of South Carolina

1          THE COURT:  We have a schedule.  He can be right

2    now --

3          MR. GORDON HALL:  I conditionally accept any

4    standby counsel.

5          THE COURT:  Okay.  I've heard from you.  That's

6    enough.  That's enough.  I've heard from you.

7          Mr. Stepp, my clerk has checked, and right now

8    Judge Lewis doesn't have anything scheduled.  But that

9    doesn't mean that she's not waiting to hear from you all.

10   Okay?

11         MR. STEPP:  Okay.

12         THE COURT:  All right.  Is there any other

13   matter for this Court take up today then?

14         MR. WATKINS:  No, Your Honor.  I think that's

15   all from the Government.

16         THE COURT:  Okay.

17         MS. SALVINI:  Your Honor, that's all from

18   counsel.

19         MR. GORDON HALL:  We have a comment.

20         THE COURT:  Anything further, Mr. Stepp?

21         MR. STEPP:  Judge, Gordon Hall has made it

22   abundantly clear that he, obviously, doesn't wish for me

23   to be in the case.  And I understand that's the Court's

24   ultimate decision.  So I do not intend to file any

25   documents on his behalf because that is -- he has not

1    asked me to, he doesn't want me to.  He's stated that, so

2    I do not intend to file.

3         THE COURT:  I don't expect that standby counsel

4    will be filing any documents between now and the October 9

5    hearing.  You're simply to hold on to that discovery, be

6    available should they desire to consult with you, should

7    they desire to seek your assistance for entering into any

8    plea negotiations.  But I expect that any communications

9    from this point forward would come from them to you.  You

10   would not need to communicate further with them, because

11   they have indicated their desire to terminate counsel.

12   Right now I'm just trying to keep everything in that

13   status quo eventually until we can come to the Faretta

14   hearing.

15        MR. STEPP:  Thank you.  I appreciate the

16   clarification.

17        THE COURT:  Sure.

18        MR. BENTON HALL:  Let the record show that as a

19   point of order, that standby counsel is terminated and

20   that the plaintiff has not given just reason as to their

21   acceptance of the tender and why they haven't fulfilled on

22   their obligations thereto with respect to the contract and

23   record made manifest before this Court and there being no

24   record in opposition to that record in my authorization to

25   authorize the defendant to plea and discharge doesn't make

1    any future hearings moot, and that I don't now move this

2    Court to issue a final judgment in default order in

3    accordance with the record thereto.

4              THE COURT:  The Court will take up any of these

5    substantive matters with respect to whether or not your

6    indictments will be dismissed at a later date.

7              MR. BENTON HALL:  I didn't come here for that.

8    I came here for the plaintiff to appear and show cause why

9    they're just --

10             THE COURT:  But that is not what the Court set

11   this proceeding for.  That will be dealt with at a later

12   date.  Court is adjourned.

13             MR. WATKINS:  Thank you, Your Honor.

14                           * * *

15   I certify that the foregoing is a correct transcript from

16   the record of proceedings in the above-entitled matter.

17

18       s/Karen E. Martin                    9/29/2013

     _____        _____

19   Karen E. Martin, RMR, CRR              Date

20

21

22

23

24

25