IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | Criminal Action No. 6:13-cr-00170-1-JMC |
| v. | ) | Criminal Action No. 6:13-cr-00170-2-JMC |
| | ) | |
| Gordon L. Hall, Benton T. Hall, | ) | **ORDER AND OPINION** |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on filings that the court has construed as Defendant Gordon L. Hall and Defendant Benton T. Hall's (collectively referred to as "Defendants") Motions to Terminate Counsel and/or Motions to Proceed *Pro Se*. (ECF Nos. 41, 43, 46, 72). For the reasons set forth herein, the court **DENIES** Defendants' Motions and appoints counsel to represent Defendants. The court **DISMISSES** the Government's Motions for the Appointment of Standby Counsel (ECF No. 139) and to Avoid Undue Consumption of Time and Prejudice (ECF No. 135) finding that they were made moot by the appointment of defense counsel. The court also **DISMISSES** Defendant Gordon Hall's Motion for Default Judgment (ECF No. 124) pursuant to its previous text order (ECF No. 126) that the court will not consider *pro se* filings by the represented Defendants. The court **DISMISSES**, without prejudice and with leave to refile, the Government's Motion to Preclude the Introduction of Evidence of Redemption Theory or the Applicability of the Uniform Commercial Code (ECF No. 136) as the court believes the motion is now unnecessary in light of the court's appointment of counsel for Defendants.

**RELEVANT BACKGROUND**

In March of 2013, Defendants were indicted for several fraud-related offenses. (ECF No. 1). On April 10, 2013, arraignment proceedings were held before a magistrate judge in which

1

Defendants refused to participate. (ECF No. 27). The magistrate judge conditionally appointed counsel for Defendants at that hearing. *Id.;* (*See also* ECF Nos. 28, 31). The magistrate judge also ordered that Defendants complete a mental health evaluation. (ECF Nos. 27, 32, 33). In June, July, and August of 2013, Defendants made several filings indicating their desire to terminate their representation by counsel. (ECF Nos. 41, 43, 46, 72). A superseding indictment was issued in July of 2013 for Defendants. (ECF No. 48). On August 22, 2013, the magistrate judge held a second arraignment proceeding on the superseding indictment and a competency hearing. (ECF Nos. 89, 91). At that hearing, Defendants entered pleas of not guilty and were found to be competent to proceed with the case. (ECF No. 22). Defendants also requested to have their appointed counsel removed from the case and to represent themselves. *Id.* The magistrate judge advised that the issue of counsel would be addressed by the district judge. *Id.*

On September 6, 2013, the undersigned issued text orders to address the voluminous, nonsensical *pro se* filings by Defendants. (ECF Nos. 126, 127, 128, 129). The court informed Defendants that since the documents were not filed by counsel, the court would not address them. (ECF Nos. 126, 127). The court ordered Defendants to refrain from filing additional *pro se* motions until the issues concerning their representation were resolved. *Id.*

The court held a pretrial conference on September 9, 2013. (*See* ECF No. 137). At the hearing, Defendants raised several senseless arguments, as well as their contention that their counsel had been terminated despite the fact that the court had not yet ruled on the issue of counsel. (*See, for example,* ECF No. 137 at 4, 8). The court held a *Faretta* Hearing on October 9, 2013, to determine whether Defendants would be permitted to assert their right to self-representation. (ECF Nos. 133, 143). The court now states its reasoning for denying Defendants' Motions to Proceed *Pro Se*.

**DISCUSSION**

The right for a defendant to represent himself has long been acknowledged in the federal courts. *Faretta v. California,* 422 U.S. 806, 813 (1975). However, before a defendant is permitted to assert this right, "he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing and his choice is made with eyes open." *Id.* at 835 (internal quotation marks and citation omitted). The Fourth Circuit has stated that the applicable standard for self-representation is that the defendant's assertion of the right must be "(1) clear and unequivocal; (2) knowing, intelligent and voluntary; and (3) timely." *U.S. v. Bush,* 404 F.3d 263, 271 (4th Cir. 2005). The defendant's educational background, understanding of the legal process, and appreciation of the pending charges and possible sentences are principal considerations in making this determination. *U.S. v. Singleton*, 107 F.3d 1091, 1098 (4th Cir. 1997).

It is within the trial court's discretion to prohibit self-representation where "a defendant…deliberately engages in serious and obstructionist misconduct." *Faretta,* 422 U.S. at 834 n. 46 (citing *Illinois v. Allen*, 397 U.S. 337 (1970)). The right to self-representation should not be utilized as a "tactic for delay", "disruption", "distortion of the system", "or for manipulation of the trial process." *U.S. v. Frazier-El*, 204 F.3d 553, 560 (4th Cir. 2000). Where a defendant's assertion of his right to self-representation appears to be motivated by a desire "to present certain arguments" as opposed to a "sincere desire to dispense with the benefits of counsel", the court may choose to deny defendant's request for self-representation. *Id.* at 560.

At the *Faretta* hearing for the instant case, the court was unable to establish that Defendants' desire to waive counsel was clear and unequivocal or knowing, intelligent, and voluntary. As a preliminary matter, Defendants would not acknowledge that they were the

3

defendants in the case. Defendant Benton Hall insisted that he was "here today on behalf of the defendant" and appeared in his "capacity as the private unenfranchised individual." (ECF No. 153 at 6). At the previous court hearing, Defendant Gordon Hall had expressed similar sentiments stating, "Mr. Hall is represented here by the un-enfranchised individual trustee for Gordon Hall." (ECF No. 137 at 2). At the *Faretta* Hearing, Defendant Gordon Hall indicated that he was "the accommodation party herein to appear in behalf of defendant Gordon L. Hall." (ECF No. 153 at 28).

Defendants would not allow the court to administer a proper oath. When the court asked Defendant Benton Hall to take the stand he responded, "I conditionally accept that upon proof of claim there's any material facts or issues in this case that haven't been addressed by way of the record before this court." *Id.* at 8. In order to take the stand, Defendant Benton Hall had to be escorted by the U.S. Marshals. *Id.* at 9. When asked to take the oath, Defendant Benton Hall repeatedly asked the court to provide him with a response, stating for example, "Your Honor, what would you like me to say over my objection of threat, duress, and coercion? I've been compelled on to the stand." *Id.* at 10. After the court continued to request that Defendant Benton Hall take the oath, a short break was taken so that Defendant Gordon Hall could possibly persuade Defendant Benton Hall to cooperate. *Id.* at 11-12. Eventually, Defendant Benton Hall stated in response to the oath, "I conditionally accept that on proof of claim that all my statements here today aren't hereby affirmed under penalty of perjury and that they are all true, correct and complete." *Id.* at 13. Defendant Gordon Hall responded to the oath by stating, "I conditionally accept your offer to swear in under the previous statements of terms and conditions on proof of claim that swearing in is not a solicitation which by swearing in is not in itself incompetency[, a]nd on proof of claim that this court is not in possession of a record that

indicates[ c]ompetency[, a]nd on proof of claim that…there's any evidence in the record, that unrebutted, will substantiate that I'm incompetent making your offer moot." *Id.* at 30.

When questioned by the court, Defendants failed to clearly state that they wanted to represent themselves. Defendant Benton Hall insisted "that counsel was terminated as of nun [sic] pro tunc April 10th, 2013." *Id.* at 5. Defendant Gordon Hall also indicated a similar belief that his counsel was terminated on that date. *Id.* at 32. Yet when the court asked Defendant Benton Hall if he wished to represent himself, his response was "I conditionally accept that upon proof of claim that…I'm not here today in accordance with the notice of appearance that's before this court as the private unenfranchised individual on behalf of the defendant Benton T. Hall." *Id.* at 8. When the same question was repeated, Defendant Benton Hall stated, "I conditionally accept that upon proof of claim that the notice before this court doesn't make that moot and that I'm not here today in that capacity." *Id.* at 18. When the court asked Defendant Gordon Hall if he wished to represent himself, his response was "I conditionally accept the offer to represent [if] the previously stated conditional acceptances doesn't [sic] make that offer moot and on proof of claim that we're not here merely as previously stated." *Id.* at 33.

The court questioned Defendants with a series of simple inquiries designed to determine whether their waiver of counsel was knowing, intelligent, and voluntary. When asked their age, Defendant Benton Hall testified, "it's up to my true belief that I don't have an age." *Id.* at 13. Defendant Gordon Hall responded, "I conditionally accept your offer to answer your questions on proof of claim that you have any material fact on which or any evidence in the record unrebutted [that] will substantiate that I'm incompetent [and] doesn't make your question or line of questioning moot." *Id.* at 31. When asked about his education, Defendant Benton Hall stated, "Every man has two educations, do they to [sic] not? One they receive from others and one

5

more importantly they give themselves. And so my education, wouldn't it be ever continuing?...[I]sn't the whole game of life an education." *Id.* at 14. When asked what high school he attended, Defendant Benton Hall refused to answer the question. *Id.* at 15. Defendant Gordon Hall answered several questions with the refrain "I conditionally accept your offer to testify on proof of claim that the previous conditional acceptances doesn't [sic] make your offer moot." *Id.* at 36, 37.

The court informed Defendants of their right to counsel and asked whether they understood this right. Both Defendants responded with their continuous refrain of "conditional acceptance." *Id.* at 16-17, 32. Defendant Benton Hall indicated acceptance upon proof that he was not already aware of his right to counsel, *id.* at 16-17, and Defendant Gordon Hall's acceptance was contingent upon proof that the offer was not made moot by his previous acceptances, *id.* at 32. When asked whether they understood the charges against them, Defendant Benton Hall stated, "I am fully aware that the defendant has been…brought charges in that respect." *Id.* at 19-20. Defendant Gordon Hall offered his conditional acceptance upon proof that the offer was not moot, "that there is not a private record before this court that has resolved these matters, has not satisfied and discharged the plaintiff[']s claims," and "that this line of questioning…is not an attempt to prejudice my rights." *Id.* at 33-34.

Defendant Benton Hall responded to the court's discussion of the maximum penalty for one of the offenses charged with conditional acceptance "on proof of claim that the record before this court doesn't make a criminal sentencing and a detainment of a surety for such moot pursuant to the plaintiff's acceptance of the tender satisfying their claims in the instant case." *Id.* at 21. Defendant Gordon Hall responded to a similar question with conditional acceptance that the court's question "under the previously stated conditional acceptances" was not moot. *Id.* at

6

34. When the court attempted to discuss the consequences of not being represented by counsel, Defendant Benton Hall acknowledged that his appointed attorney was likely "a fine attorney…[who] does understand court procedures." *Id.* at 21. Defendant Benton Hall also stated he understood "that the defendant must go through certain procedures to resolve this matter." *Id.* at 22. Yet, when asked about his familiarity with the Federal Rules of Evidence and Criminal Procedure, Defendant Benton Hall returned to his catchphrase of "conditional acceptance" – stating his acceptance, upon proof that the record did not show his competency. *Id.* Defendant Gordon Hall answered a question about the benefits of an attorney representing him with the question, "Are you saying that at this time there's any evidence in the record unrebutted that would substantiate that I'm incompetent?" *Id.* at 36.

Given Defendants' absurd responses to the court's basic questions during the *Faretta* hearing, the court finds that to the extent Defendants have indicated a desire to represent themselves, they have not clearly demonstrated that their waiver of counsel is knowing, intelligent, and voluntary. The court also finds that even assuming a proper waiver of counsel, Defendants' behavior has constituted serious obstructionist misconduct which has presented and would continue to present significant difficulties in trying their case. Therefore, the court finds it appropriate to appoint counsel for Defendants and to deny their motion for self-representation. *See U.S. v. Brunson,* 482 F. App'x 811 (4th Cir. 2012) (upholding the district court's decision to terminate self-representation where appellants filed numerous nonsensical *pro se* motions, contended they were not defendants in the case, and made senseless arguments before the court rendering it "impossible for the district court to conduct any type of meaningful dialogue….and [thereby] impossible…to try the case."); *Faretta,* 244 U.S. at 834, n.46 ("The right to self-representation is not a license to abuse the dignity of the courtroom.").

## CONCLUSION

For the reasons stated above, the court **DENIES** Defendants' Motions to Terminate Counsel and/or Motions to Proceed *Pro Se*. (ECF Nos. 41, 43, 46, 72). The court appoints counsel to represent Defendants. Accordingly, the court **DISMISSES** the Government's Motions for the Appointment of Standby Counsel (ECF No. 139) and to Avoid Undue Consumption of Time and Prejudice (ECF No. 135) as moot. The court **DISMISSES**, without prejudice and with leave to refile, the Government's Motion to Preclude the Introduction of Evidence of Redemption Theory or the Applicability of the Uniform Commercial Code (ECF No. 136). And the court **DISMISSES** Defendant Gordon Hall's Motion for Default Judgment (ECF No. 124) pursuant to its previous text order (ECF No. 126).

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

Greenville, South Carolina
October 17, 2013