```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF SOUTH CAROLINA
                    GREENVILLE DIVISION



UNITED STATES OF AMERICA,      )
                               )    6:13-170-1
                               )
          -versus-             )    December 10, 2013
                               )
                               )    Greenville, SC
GORDON L. HALL,                )
          Defendant.           )




              TRANSCRIPT OF STATUS CONFERENCE

        BEFORE THE HONORABLE J. MICHELLE CHILDS
        UNITED STATES DISTRICT JUDGE, presiding




A P P E A R A N C E S:

For the Government:            WILLIAM J. WATKINS, JR, AUSA
                               US Attorney's Office
                               55 Beattie Place, Ste. 700
                               Greenville, SC 29601


For the Defendant:             BENJAMIN T. STEPP, ESQ.
                               Federal Public Defender
                               75 Beattie Place, Ste. 950
                               Greenville, SC 29601


Court Reporter:                KAREN E. MARTIN, RMR, CRR
                               300 E. Washington Street
                               Room 304
                               Greenville, SC 29601


The proceedings were taken by mechanical stenography and
the transcript produced by computer.
```

1    Tuesday, December 10, 2013

2    THE COURT:  Let's bring Mr. Gordon Hall in,

3    please.

4    (WHEREUPON, Defendant Gordon Hall came into open

5    court.)

6    THE CLERK:  Mr. Hall, would you please raise

7    your right hand for the affirmation oath, please.

8    MR. GORDON HALL:  Would it be all right if I

9    just affirm under penalty of perjury?

10    THE COURT:  Just listen to her question.

11    (WHEREUPON, the defendant was affirmed.)

12    MR. GORDON HALL:  It would be my solemn

13    affirmation.

14    THE COURT:  Mr. Hall, the Court is informed that

15    you wish to change your prior plea of not guilty to either

16    a plea of guilty or nolo contendre; is that correct?

17    MR. GORDON HALL:  To nolo contendre is correct,

18    Your Honor.

19    THE COURT:  Okay.  And before I can accept your

20    plea of nolo contendre, it's necessary for me to make sure

21    that your plea is made freely and voluntarily.  Therefore,

22    I will have to ask you certain questions, relay certain

23    statements to you to make sure that you understand, again,

24    that your plea is entered into freely and voluntarily.

25    Please let me know if you don't understand a question or a

1    statement that I make to you so that I can restate it or

2    rephrase it.  Otherwise, is it fair to assume that you

3    understand the question or statement when you respond to

4    it?

5            MR. GORDON HALL:  That would be a fair

6    statement, Your Honor.

7            THE COURT:  Okay.  And to the extent you need to

8    speak with your attorney at any time during the

9    proceedings, just let me know and I'll allow the two of

10   you to step aside.  Okay?

11           MR. GORDON HALL:  Thank you, Your Honor.

12           THE COURT:  Okay.  Now, do you understand that

13   you are now under oath.  And if you answer any of my

14   questions falsely, your answers may later be used against

15   you in another prosecution for perjury or making a false

16   statement?

17           MR. GORDON HALL:  Yes.

18           THE COURT:  How old are you?

19           MR. GORDON HALL:  60.

20           THE COURT:  And how far did you go in school?

21           MR. GORDON HALL:  Through high school.

22           THE COURT:  Do you clearly know how to --

23           MR. GORDON HALL:  Excuse me.  I'm assuming --

24   excuse me, Your Honor.  You're requesting formal public

25   education?

1         THE COURT:  Yes, public or private.

2         MR. GORDON HALL:  That's correct.

3         THE COURT:  Okay.  And do you understand clearly

4    how to read, write, and speak the English language?

5         MR. GORDON HALL:  I think I have a reasonable

6    grasp on the language, Your Honor.

7         THE COURT:  Okay.  Anything that has prohibited

8    you from having communications with your attorney or with

9    the Court in any regard?

10        MR. GORDON HALL:  Not that I'm aware of at this

11   time.

12        THE COURT:  Are you under the influence of any

13   alcohol, drugs, or medications, even if prescription

14   medication?

15        MR. GORDON HALL:  No.

16        THE COURT:  Have you ever been evaluated for

17   your mental or psychological health?

18        MR. GORDON HALL:  A question, Your Honor?

19        THE COURT:  Any type of evaluation from a

20   psychologist, psychiatrist, or even an evaluation

21   reflecting your mental health?

22        MR. GORDON HALL:  Would the evaluation that was

23   ordered by this Court previously be considered such?

24        THE COURT:  That would be sufficient.  Thank

25   you.  Okay.  And in that evaluation, you were found to be

1    competent; is that correct?

2        MR. GORDON HALL:  That is what the report stated

3    to the best of my knowledge.

4        THE COURT:  Do you have any disagreement with

5    that finding?

6        MR. GORDON HALL:  Do we define competency as

7    capable of handling one's own business?

8        THE COURT:  And knowing legal right from wrong.

9        MR. GORDON HALL:  In that capacity -- I'm not

10   trying to be difficult here, Your Honor.  In the legal

11   capacity, obviously, previously I have not always been in

12   honor with this Court, specifically April 10th and a few

13   other times, September 9th, wherein I didn't understand my

14   duties and responsibilities.  So at that time I could say

15   I might have thought I understood it but I, obviously, did

16   not.  And I see that today clearly.  Today I believe that

17   I understand them.

18       THE COURT:  Okay.  And any conditions with your

19   mental health affecting your ability to proceed today?

20       MR. GORDON HALL:  I don't believe so, Your

21   Honor.

22       THE COURT:  Okay.

23       And is counsel aware of any condition affecting

24   his mental health or his competency?

25       MR. STEPP:  I have no issues that he's competent

1    to proceed on this hearing today and this whole process.

2          THE COURT:  Okay.

3          Well, the Court would so find that you are

4    competent to plead to the charges that are before the

5    Court.  And I so find for purposes of the record.

6          Now, have you had enough time to speak with your

7    attorney about the nature of your charges, your maximum

8    possible punishment, and your constitutional rights?

9          MR. GORDON HALL:  I have, Judge.

10          THE COURT:  Has your attorney also shared with

11    you evidence that the Government has that it intended to

12    use against you if this case were to go to trial?

13          MR. GORDON HALL:  He has offered to do such.

14          THE COURT:  Okay.  Are you satisfied with your

15    attorney's representation?

16          MR. GORDON HALL:  As it relates to your

17    question, I believe that his representation in this matter

18    is -- I don't have any problem with.  In the capacity, I

19    mean, I've attempted to terminate Ben Stepp because I felt

20    that that would be a problem to have -- receive a public

21    benefit while one is trying to personally be responsible

22    for the charges.

23          THE COURT:  But did it have anything to do with

24    any dissatisfaction on your part as to him?

25          MR. GORDON HALL:  Only to the extent as

1    previously indicated.

2          THE COURT:  Okay.  Now, is there anything

3    additionally you'd like for Mr. Stepp to do at this time?

4          MR. GORDON HALL:  I have no requests of

5    Mr. Stepp previously nor at this time.

6          THE COURT:  Okay.  And then, again, if you need

7    to speak with him at all during the proceedings, just let

8    the Court know.

9          Now, do you understand that under the

10   constitution and laws of the United States, you have the

11   right to plead not guilty.  And if you plead not guilty,

12   you are entitled to a trial by a jury on the charges

13   contained in the indictment?

14         MR. GORDON HALL:  Yes, Your Honor.

15         THE COURT:  If you decided to plead not guilty

16   and request a trial by jury, you would also be entitled to

17   a number of procedural rights as the defendant.  And I

18   want to list these rights for you so that you will have a

19   clear understanding of what you will give up if you plead

20   guilty.

21         At a trial you would have the right to the

22   assistance of counsel for your defense.  You would be

23   presumed to be innocent.  And the Government would be

24   required to prove you guilty by competent evidence and

25   beyond a reasonable doubt before you could be found

8

1    guilty.  And you would not have to prove that you were

2    innocent.

3           You would also have witnesses for the Government

4    who would have to come to court and testify in your

5    presence.  And your attorney could cross-examine the

6    witnesses for the Government, object to evidence offered

7    by the Government, and offer evidence on your behalf.

8           And while you would have the right to testify if

9    you chose to do so, you also have the right not to

10   testify.  And if you decided not to testify, I would have

11   to inform the jury that they could not consider your

12   failure to testify in any regard and certainly not in

13   their deliberations should this case go to trial.

14          You would also have the right to the issuance of

15   subpoenas to compel the attendance of witnesses to testify

16   in your defense.

17          Do you understand these rights I have just

18   outlined for you?

19          **MR. GORDON HALL:**  Yes, Your Honor.

20          **THE COURT:**  Do you understand that if you plead

21   nolo contendre and I accept your plea, you will give up

22   your right to a jury trial and the other rights I have

23   just listed for you, there will be no trial, and I will

24   enter a judgment of guilty or nolo contendre and sentence

25   you on the basis of your guilty or nolo contendre plea?

1    **MR. GORDON HALL:** Yes, Your Honor. As long as

2    it's in concert with the plea agreement, yes.

3    **THE COURT:** Okay. And what plea agreement are

4    you referring to?

5    **MR. GORDON HALL:** The plea agreement that was

6    before this Court that's been entered into this court

7    between the Defendant and the Government --

8    **THE COURT:** Okay.

9    **MR. GORDON HALL:** -- dated November 25th.

10    **THE COURT:** Okay. There -- my understanding is

11    that the Government offered you and Mr. Benton Hall a

12    written plea agreement. Have you accepted that plea

13    agreement?

14    **MR. GORDON HALL:** Which plea are you speaking

15    of? The first one that they offered?

16    **THE COURT:** Yes.

17    **MR. GORDON HALL:** We have worked out a

18    subsequent plea agreement between the parties, Your Honor,

19    as presented to this Court.

20    **THE COURT:** Okay. So is the answer to my first

21    question that you have not accepted the original plea

22    agreement offered?

23    **MR. GORDON HALL:** We countered that, Your Honor.

24    **THE COURT:** Okay. So does your countering

25    indicate that you have not accepted the plea agreement

1  that they have written just as it was stated?

2         MR. GORDON HALL:  I think we accepted the plea

3  agreement with some modifications.

4         THE COURT:  Okay.  And the plea agreement that

5  you're referring to, is that Entry No. 175 that's entitled

6  Notice of Entry of amended plea agreement dated

7  December 9, 2013?

8         MR. GORDON HALL:  Yes, Your Honor.

9         THE COURT:  And then it had that as three pages.

10  And then attached to it is Entry No. 175-1, Amended Plea

11  Agreement dated the same date.  Is that what you're

12  referring to?

13         MR. GORDON HALL:  Yes, Your Honor.

14         THE COURT:  Now, you understand that this was

15  entered on the system as a Notice of Entry of Amended Plea

16  Agreement.  So it has not been accepted by the Court.  It

17  is just a filing at this point.

18         MR. GORDON HALL:  If my understanding is correct

19  that I understand that and it's subject to accepting the

20  nolo contendre plea.

21         THE COURT:  Okay.

22         Now, Mr. Watkins, have you, for purposes of this

23  record, received or been notified of this Entry No. 175

24  and 175-1?

25         MR. WATKINS:  Yes, ma'am.

1          THE COURT:  Okay.  Have you in any way accepted

2     it orally or in writing?

3          MR. WATKINS:  No, ma'am.

4          THE COURT:  Okay.

5          Is that what you understand, Mr. Gordon Hall?

6          MR. GORDON HALL:  I understand that mutual

7     assent has been effectuated in this case.

8          THE COURT:  And what's your basis for that?

9          MR. GORDON HALL:  Is it not true that the public

10    policy -- a couple of the primary principles of public

11    policy relating such that one of them is reasonable

12    expectations?  Do I not have a right to expect in the --

13    let me see if I can --

14         THE COURT:  But when you refer to mutual assent,

15    that assumes that someone is in agreement with you.

16    That's what the term mutual would mean.  So who are you

17    referring to when you say mutual assent?

18         MR. GORDON HALL:  The Government.

19         THE COURT:  Okay.  Mr. Watkins has just

20    represented that neither orally or in writing has he

21    accepted this, Document No. 175 and 175-1.

22         MR. GORDON HALL:  That's a true statement.

23         THE COURT:  Okay.

24         MR. GORDON HALL:  However --

25         THE COURT:  Okay.

1    **MR. GORDON HALL:**  Did you ask him if he tacitly

2    acquiesced and did he not receive a second notice and a

3    subsequent third notice regarding said plea agreement to

4    which he tacitly acquiesced to?  And do I not have a

5    right --

6            **THE COURT:**  Mr. Watkins, are you aware of any

7    other documents that have come in to you since these

8    entries?

9            **MR. WATKINS:**  Your Honor, he's -- I'm aware that

10   Mr. Hall's sent me a number of pieces of paperwork

11   regarding these agreements.

12           **THE COURT:**  And this agreement is dated

13   December 9.  Today is December 10.  So I'm saying since

14   this one.

15           **MR. WATKINS:**  I don't think I got anything since

16   yesterday.  But, of course, his paperwork indicated that

17   unless I responded to him in writing that, you know, I was

18   in default and he would hold me in default.  But as far as

19   Your Honor's held that the Uniform Commercial Code and

20   such doesn't apply in this case, I disregarded those

21   notices.

22           **THE COURT:**  The other thing is the Court put an

23   order in that said since you are now represented by

24   counsel, you and Mr. Benton Hall are not to file any

25   individual documents with the Court.  All such

1    communications to the Government should go through your

2    counsel.

3           I did allow an exception when I realized that

4    you all were attempting to negotiate to allow Mr. Watkins,

5    and anyone on his behalf as the Government, to come in

6    your presence with your attorneys and speak directly to

7    you so that there would be no miscommunication about what

8    your questions were to the Government and what the

9    Government's responses were to you.  So I did allow that

10   exception.

11          But outside of that, the Court's order was that

12   once you were represented by counsel to have no further

13   communications with the Government.  So that is part of

14   potentially why he has not responded.

15          MR. GORDON HALL:  Well, let me ask this --

16          THE COURT:  Because you're represented by

17   counsel.  And it's not legal or ethical for him to respond

18   to you outside of your counsel.

19          MR. GORDON HALL:  Let me ask this.  Is it legal

20   or ethical to deny due process and equal protection under

21   the law?  Is he not required -- is any of us not required,

22   before the taking of life, liberty, or property, due

23   process and equal protection under the law?  And do I not

24   have a right --

25          THE COURT:  You're getting due process now as

1    we're here for this hearing.

2              **MR. GORDON HALL:**  -- under --

3              **THE COURT:**  But when I asked you --

4              **MR. GORDON HALL:**  -- under nolo contendre --

5    excuse me, Your Honor.  You're speaking.  Allow me to --

6              **THE COURT:**  Go ahead.

7              **MR. GORDON HALL:**  -- shut up for a moment.

8              **THE COURT:**  Well, you're getting due process

9    now.  We're having this hearing that allows you to

10   indicate your intentions with respect to the charges

11   against you and whether or not you wish to plea guilty or

12   not.

13             **MR. GORDON HALL:**  Excuse me.

14             **THE COURT:**  One moment.

15        (WHEREUPON, the Court spoke with the law clerk

16        privately.)

17             **THE COURT:**  So I need, while you have this on

18   the system as a notice of a document, Mr. Watkins, on

19   behalf of the Government has stated that he didn't in

20   writing or orally accept the plea agreement.

21             Mr. Watkins, I'd like to take it a step further.

22   Upon your review of it, do you have any intention of any

23   further consideration or deliberations over this to try to

24   accept it?

25             **MR. WATKINS:**  No, ma'am.  I explained to

1   Mr. Hall when I went to the jail about two weeks ago with

2   Ms. Salvini and Mr. Stepp and Agent Durgin what the

3   Government's plea offer would be and the paperwork we

4   required, explained to him I would not be further

5   responding to the documents that he sent to me and, you

6   know, no, I'm not going to consider the -- his latest

7   filing with the Court.

8           **THE COURT:**  Okay.

9           He has indicated that he does not intend to

10  accept your counteroffer amended plea agreement.  And so

11  the -- there is no agreement on record that the Court

12  understands between the parties.  Do you have a different

13  understanding?

14          **MR. GORDON HALL:**  My understanding is -- I

15  understand that he has chosen not to further respond or to

16  continue under a -- if I have it correctly, Judge, correct

17  me if I'm wrong, under nolo contendre has for its purpose

18  the promotion of disposition of criminal cases by

19  compromise.  Mr. Watkins sent an offer that deviated from

20  the original offer which was a compromise on his part.  We

21  accepted that offer with some changes.  Mr. Watkins then

22  responded back to that offer.  We then responded back to

23  Mr. Watkins again, to which he then indicated that he

24  would not further respond, which was an indication to me

25  under the rules as I understand them that if he doesn't

1    want to respond, that that's acceptance.  Because in

2    modern contract law, mutual assent is determined by an

3    objective standard; that is, by the apparent intention of

4    the parties as manifested by their actions.

5         **THE COURT:**  There is an order on the system that

6    says that the defendants now being represented by counsel,

7    and even before that when there was an interim period in

8    which I was giving consideration as to whether or not I

9    would allow you to represent yourself, so there's two

10   orders on system, during that time when I was considering

11   whether or not I would allow you to represent yourselves,

12   I said there should be no more communications, no more

13   filings by you individually.

14        Once I did have that hearing and then determined

15   that I was going to allow Mr. Stepp to represent you, I

16   then reiterated no more filings or communications other

17   than through your counsel.  So because Mr. Watkins is held

18   to the professional and ethical responsibilities attendant

19   to his bar license, he could not respond to you directly.

20   He could only respond to your counsel.

21        He is now responding to you in open court to

22   your counsel that he has neither accepted the offer in

23   writing, and I'm referring to the amended plea agreement,

24   he has not done so orally, and he also has no intentions

25   to accept it.

1          So as we stand here, I do not have a plea

2    agreement that has been accepted.  And I do not hold him

3    in default for not having accepted it because he has

4    violated no rule since he had to respond through counsel.

5          MR. GORDON HALL:  I am in agreement with you

6    that he has stated that he did not orally respond or in

7    writing.  And I conditionally accept that by his actions

8    or his apparent intention by not responding that I don't

9    have a right to rely under public policy and under the

10    rules of -- and this is all contract because this is --

11    what we're trying to get to is an agreement between the

12    parties, that we don't have a mutual assent by his

13    actions.

14          THE COURT:  Let me ask you this.  We are here

15    because you have indicated to the Court that you wish to

16    change a prior plea of not guilty to a plea of nolo

17    contendre.  Is that correct?  Is that your understanding

18    of this proceeding?

19          MR. GORDON HALL:  My understanding of this

20    proceeding is partially that.

21          THE COURT:  Okay.

22          MR. GORDON HALL:  The other part is that I've

23    changed that plea of nolo contendre based on the promises

24    in the plea agreement between the parties.

25          THE COURT:  So you are only going forward on a

1    plea of nolo contendre assuming that you have a plea

2    agreement with the Government; is that correct?

3         MR. GORDON HALL:  Well, I'm going forward on

4    that basis, not as an assumption but as a presumption;

5    that is, facts indicated, i.e., that -- and I ask this,

6    where -- where, when acting in the capacity responsibly to

7    both set off the substantive charges and follow the

8    procedural rules without any objection thereto in writing

9    does not constitute honorable resolution that should not

10   be opposed.

11        THE COURT:  Okay.  I've indicated, again, there

12   was a point at which you were always represented by

13   counsel.  And then there was a point at which I asked,

14   basically, the lawyers to stand down until I evaluated and

15   allowed you to have a hearing to exercise your right to

16   want to be your own counsel and then told you all not to

17   make any individual filings to the Court until we could

18   get through that interim period.

19        Once I got your counsel reinstated and made the

20   decision that it was not knowingly and voluntarily entered

21   for you to be your own counsel, there was another order

22   instituted that said no further filings with the Court.

23   Even though you have made these filings, Mr. Watkins has

24   reviewed them.  He's indicated orally and in writing that

25   he has not accepted your amended plea agreement and he has

1    no intentions to do so.

2         I am not going to hold him in default.  So,

3    therefore, the original plea agreement has not been

4    accepted by you.  You've instead countered.  He has

5    rejected that offer.

6         The Court does not engage into these

7    negotiations between the parties with respect to it.  I

8    just look to what you have negotiated and then decide

9    whether or not it is fair and equitable under the

10   circumstances.

11        You are indicating to this Court that your

12   intentions to plead nolo contendre here today are subject

13   to the acceptance of this agreement that you believe the

14   Government has accepted.  I have made a finding that there

15   is no plea agreement and that the Government has not

16   engaged in any wrongful conduct with respect to accepting

17   or not accepting this particular agreement.

18        So we stand there now as to whether or not this

19   plea can even go forward since you are indicating to the

20   Court it was conditioned on this amended plea agreement.

21        MR. GORDON HALL:  Allow me to elucidate a little

22   bit regarding my understanding.  Your order, as I recall,

23   said the type of filings.  And the type of filings, as I

24   understood it at that time, were ones that were not

25   bringing resolution to the matter.

1          And when we altered our filings and grasped an

2    understanding as indicated in the September 9th transcript

3    on, I believe, Page 29 that we needed to -- if we were

4    going to have any resolution, it would be pursuant to the

5    Federal Rules of Criminal Procedure, Rule 11.  Rule 11 is

6    as we all understand it.  Rule 11, under nolo contendre

7    plea, my understanding is has as its purpose the promotion

8    of disposition of criminal cases by compromise.

9          Mr. Watkins and I entered into negotiations.

10   And if it's on behalf of the Government in accordance

11   with -- I would ask, are you telling me that when, under

12   Bouvier's 8th, if the nation comes down from its position

13   of sovereignty and enters the domain of commerce, it

14   subjects it -- it submits itself to all the rules of

15   commerce that govern individuals therein.  It assumes the

16   position of ordinary citizen and it cannot recede from the

17   fulfillment of its obligations.

18          In addition, does not Mr. Watkins, i.e., the

19   Government, have a duty as an implied covenant in good

20   faith and fair dealing to see to it that there's no injury

21   to the benefits of the contract?

22          THE COURT:  Okay.  Even if I assume that it was

23   okay for you to file this particular amended plea

24   agreement to indicate your intentions to the Government

25   about the counteroffer to their original offer, even if we

1    allowed that to be accepted, in this particular amended

2    plea agreement, you make such statements as indicated on

3    Entry No. 175-1, Page 3, for example, in Paragraph 7(a),

4    that your desire is to have the Court to suspend all

5    further imprisonment on the Defendant Gordon L. Hall on

6    any sentence on the basis of being in the interest of the

7    public in effective administration of justice.  And in

8    7(b), you're also indicating that supervised release in

9    this matter will be either suspended or unsupervised.

10            Do you understand that even entering a plea of

11   nolo contendre, we will get a Presentence Investigation

12   Report from probation.  It will indicate what your

13   sentencing guidelines are.  Those guidelines can include a

14   term of imprisonment.  It can also include supervised

15   release to be followed by that term of imprisonment.  It

16   could include restitution to be owed by you.  This

17   agreement does not reflect that you would have any of

18   those types of things in terms of any period of sentence

19   for you.  And so the Court does not even have to accept

20   this agreement.

21            You need to understand that a plea of nolo

22   contendre does not indicate that there will be no jail

23   time, no supervised release, no restitution, and

24   essentially a wash of your criminal charges.  The Court

25   still gets to sentence you on the basis of the facts

1    tendered to this Court by the Government because nolo

2    contendre means that you are not contesting that

3    information.  You're not admitting to it, but you're not

4    contesting it either.  So I would have to take all of that

5    into consideration to fashion any appropriate sentence.

6          So this agreement does not reflect you

7    understand that it's still the Court's prerogative with

8    respect to sentencing.  It's my authority.

9          **MR. GORDON HALL:**  Allow me to elucidate.  I

10   don't have any problem with you sentencing the defendant

11   at all, so long as it's in accordance with said plea

12   agreement.

13         **THE COURT:**  But there is no plea agreement.

14         **MR. GORDON HALL:**  In the November 5th -- 25th

15   plea agreement submitted to this Court.  I understand your

16   position where you indicated -- you indicated -- I've lost

17   my thought on that.  It was an important point.  You

18   indicated that --

19         **THE COURT:**  Okay.  And just so we're clear, you

20   keep referring to November 25th.  I don't have any

21   document filed as November 25th.  I believe you're

22   referring to Entry No. 175 in that you've signed it and

23   dated it November 25th.  But it's actually been filed with

24   the Court on December 9.

25         **MR. GORDON HALL:**  Well, under the mailbox rule,

1  is it not deemed received on the day it's put into the

2  mail?

3          THE COURT:  Well, I'm not suggesting your dates

4  are wrong.  I'm just saying that when you keep saying

5  that, I want to make sure the record is clear that you're

6  still referring to this amended plea agreement dated

7  November 25, 2013, although filed in this court on

8  December 9, 2013.  But it's the same document.

9          MR. GORDON HALL:  I believe we're speaking of

10  the same document.

11          THE COURT:  Okay.  That's fine.

12          MR. GORDON HALL:  I'm just not in the position

13  to seek --

14          THE COURT:  I wanted to make sure there wasn't

15  an additional document out there.

16          MR. GORDON HALL:  If the Court chooses after

17  receiving a document within a couple of days of the 25th

18  and wants to hold it for nine days or ten days or two

19  weeks before they file it, I'm not in position to compel

20  them to do anything other than that.

21          THE COURT:  Well, the Court, apparently with its

22  stamp, received the document on December 9.  So while you

23  dated it one day, that's the date it actually got

24  receipted in the courthouse and was entered on the same

25  day.

24

1          MR. GORDON HALL:  Perhaps you could ask the

2    Clerk of the Court, was there not a certificate of service

3    indicating it was put in the mail on the 25th?

4          THE COURT:  It may have been but we file it when

5    we receive it.

6          MR. STEPP:  Judge, if I could just?

7          THE COURT:  Sure.

8          MR. STEPP:  I have document -- ECF Document 175

9    and 175-1 in front of me on the table.  And if Mr. Hall

10   can look at those and verify we're all talking about --

11   you're all talking about the same thing, then it might

12   clarify.  The dates might be not particularly relevant.

13         THE COURT:  Not particularly relevant, exactly,

14   because even though the 175, it says, Respectfully

15   submitted this 4th day of December, with a signature

16   there.

17         MR. STEPP:  Is that your signature there?  And

18   that there?

19         MR. GORDON HALL:  We have a date of 11/25/13.  I

20   think we have a certificate of service --

21         THE COURT:  That's for the 175-1.  And if you go

22   to the 175, it says, Respectfully submitted this 4th day

23   of December 2013.

24         MR. STEPP:  Judge, also, Entry No. 177

25   indicates -- the certificate of service he's referring to

1    purports to have his signature and Benton Hall's signature

2    saying that they mailed this stuff on December the 4th.

3           THE COURT:  Okay.  So regardless, we're still

4    talking about the amended plea agreement.

5           MR. GORDON HALL:  I think we're still talking

6    the same document.

7           THE COURT:  Okay.  That's fine.  But this

8    document has not been accepted by the Government.  Even if

9    we allow the fact that they could consider it, it's not

10   been accepted by them.  And my question to you is, is your

11   plea of nolo contendre contingent upon an acceptance of a

12   plea agreement?

13          MR. GORDON HALL:  Allow me to address that

14   acceptance first, Your Honor, if I may?

15          THE COURT:  Okay.

16          MR. GORDON HALL:  I conditionally accept your

17   offer that the Government didn't accept that on proof of

18   claim that receiving that document and choosing to ignore

19   it still doesn't constitute -- an acceptance is defined as

20   an offeree's assent either by express act or implication

21   from conduct to the terms of an offer so that a binding

22   contract is formed.  The fact that the Government

23   chooses -- and I agree with him where he said he did not

24   orally or in writing.  However, does he want to take the

25   position that he's not bound by the rules of --

1          THE COURT:  Well, let me ask you this.

2          MR. GORDON HALL:  -- contract law --

3          THE COURT:  Mr. Watkins, since you --

4          MR. GORDON HALL:  -- constitutional safeguards

5    and protections?

6          THE COURT:  Mr. Watkins, did you get this

7    document in any way other than just through the ECF

8    system?  Was it mailed to your office or did you only get

9    it through the filing?

10          MR. WATKINS:  I'm pretty sure that he or someone

11   on his behalf mailed it as well.  I got hard copies in my

12   mailbox.

13          THE COURT:  Okay.  Did you receive it before

14   December 9?  Do you know?

15          MR. WATKINS:  I got it yesterday or day before,

16   Your Honor.

17          THE COURT:  Okay.  So even then, we're just

18   talking a couple of days.  Yesterday was Monday, the day

19   before was Sunday.  So even if you got it on Saturday and

20   somehow was at the office and got that mail, we're talking

21   two days.

22          So now upon having reviewed the document, he's

23   indicated he does not intend to accept it.  So the timing,

24   I don't want us to get sidetracked with all these dates.

25   The issue is whether or not there is a plea offer in this

1    case.

2              **MR. GORDON HALL:**  Excuse me, Your Honor.  Maybe

3    we could ask him.  You could ask Mr. Watkins did we not

4    meet on November 25th?

5              **THE COURT:**  And he understands -- I understand

6    that you all did meet.

7              **MR. GORDON HALL:**  Were you in possession of

8    essentially this document on November 25th, this plea

9    agreement?

10              Excuse me, I should be addressing you, Your

11    Honor.

12              **THE COURT:**  Right.  I believe Mr. Watkins has

13    responded what he told you at that meeting.

14              If you'd like to state what your responses were

15    with respect to the plea agreements.

16              **MR. WATKINS:**  Sure.  We met and Mr. Hall was

17    very respectful, very pleasant that day.  I explained to

18    him that the plea agreement I had, we had to work from

19    that per my office's policy.  He didn't seem to like that

20    too much.  He said he would be sending me additional

21    documents and be in contact.  I told him, I said, No

22    disrespect, but if you call me, I'm going to have to hang

23    up on you because I can't talk with you because you're

24    represented by counsel.  I'm not disrespecting you.  I

25    just can't communicate directly with you.  And he told me,

1    Well, respond in writing.  I said, I'm not going to.

2         He has, you know, sent these documents,

3    continues to send them and file them.  And, you know,

4    obviously, Judge, he's got the understanding that even

5    though you've ruled the Uniform Commercial Code doesn't

6    apply to this case, he's got some sort of

7    battle-of-the-forms mentality, UCC contract law that by me

8    not responding to his last submission that I've accepted

9    it, like some law school case with a battle of the forms

10   that we saw dealt with years ago.

11        You know, I told him I wouldn't respond to it.

12   These principles don't govern.  If he wants to enter a

13   plea, he's going to have to accept the Court's ruling that

14   there's no plea agreement.

15        And we might even could short circuit this.  I

16   would doubt, even if somehow I had accepted that, you

17   know, the Court has to accept the plea agreement.  And

18   with no jail time, no supervised release, even if I went

19   and put my John Hancock on it right now, I would imagine

20   that Your Honor would say, well, I'm not going to accept

21   this.  This isn't right for this type of case.  So it's

22   sort of a moot point anyway.

23        **MR. GORDON HALL:**  Let me ask a couple of

24   questions, Your Honor, first please?

25        **THE COURT:**  All right.

1        And then, just quickly.  Mr. Stepp, are you

2   aware of any representations that the Government made that

3   do not match up with Mr. Watkins with respect to accepting

4   or not accepting the plea agreement?

5        **MR. STEPP:**  No, ma'am.  He -- there was never

6   any -- even any appearance of acquiescence that if he came

7   back with some other offer, the Government might somehow

8   accept it.  As I read this plea agreement, proposed plea

9   agreement, which I got on the ECF yesterday, it is -- the

10  defendant says, well, we will plead to -- Gordon Hall

11  would plead to Count 2.  The Government would dismiss all

12  remaining counts.  And then the things that the Court

13  referred to in Paragraph 7 regarding no jail time, no

14  supervised release, all of the things about restitution

15  has been provided for, all that kind of stuff, those were

16  things that the Government told us in the meeting and told

17  Mr. Hall in the meeting that, you know, they had their

18  form.  And that that's the only document that they were

19  going to be operating off of.  And if he -- they didn't

20  want to accept it, then that was that and he wouldn't

21  providing individualized or detailed responses to any

22  counterproposals.

23        **THE COURT:**  Okay.

24        I'll find that the Government has no --

25        **MR. GORDON HALL:**  Excuse me, Judge.

1          THE COURT:  Yes?

2          MR. GORDON HALL:  I need to ask a couple of

3     questions first.

4          THE COURT:  Okay.

5          MR. GORDON HALL:  Is it both Mr. Stepp's and

6     Mr. Watkins' position that they didn't bring and weren't

7     in possession of a document entitled Amended Plea

8     Agreement in the November 25th hearing where we had?  And

9     number two, was it -- is it their position that they're

10    denying that they re -- that their secretary of --

11         THE COURT:  The issue is whether or not they're

12    accepting this document.  And even if they do, meaning the

13    Government, the Court has to decide whether or not it will

14    accept the document in terms of the plea.

15         And so the Government has indicated, very

16    emphatically, it did not accept this amended plea

17    agreement orally or in writing.  And then the Court, even

18    if the Government had accepted it, upon review of it finds

19    that the defendants are requiring that they have no

20    imprisonment, no supervised release, that the Government

21    accept all payments to setoff and settle any charges, and

22    that basically there is a hundred percent setoff

23    stipulated by this private record to give them full credit

24    for everything.  The Court would not accept such a plea

25    agreement under the circumstances of this case.

1      MR. GORDON HALL:  Excuse me, Judge.

2      THE COURT:  So therefore, for purposes of your

3  plea to go forward, there will be no plea agreement under

4  this document in this case.  So you can only plead knowing

5  that there is no plea agreement here.

6      MR. GORDON HALL:  Your Honor, I conditionally

7  accept your offer that you said there's no jail time on

8  proof of claim that that document doesn't say that it's

9  for time served, which is already at nine months, and

10  allow you to assess any other amount of time in accordance

11  with that agreement.  And --

12      THE COURT:  But --

13      MR. GORDON HALL:  Excuse me, Judge.  Allow me to

14  finish.

15      THE COURT:  -- even if I allow time served --

16      MR. GORDON HALL:  Please allow me to finish.

17      THE COURT:  Hold on a second.  You are stating

18  that no other jail time.  The Court won't accept that

19  agreement.  The Court needs to be able to sentence you as

20  appropriate --

21      MR. GORDON HALL:  Excuse me, Your Honor.  Excuse

22  me, Your Honor.  You can assess whichever jail time you

23  want just in accordance to the agreement --

24      THE COURT:  But there is no agreement.

25      MR. GORDON HALL:  -- between the parties.

1          **THE COURT:** There is no agreement. There is no

2     agreement. And I've ruled there is no agreement.

3          **MR. GORDON HALL:** Judge, excuse me. And I

4     conditionally accept that on proof of claim that the

5     apparent intention of the parties as manifested by their

6     actions and under contract law doesn't indicate that there

7     is an agreement. And that there -- and that to deny said

8     agreement wouldn't constitute a trespass on both the

9     substantive agreement between the accommodation party and

10    the United States of America, the plaintiff. And number

11    two, the agreement in form and understanding between the

12    parties -- between the defendant and the Government as

13    went forward under a properly implemented plea agreement

14    procedure conducted between the Government and the

15    defendant, and that some of these facts that have been

16    stated here earlier by Mr. Stepp and Mr. Watkins

17    indicating that they did not receive that amended plea

18    agreement on the 25th, or on the 27th that Mr. Watkins

19    didn't receive also the email on the second notice, but on

20    the 25th he received an email of the amended that was sent

21    and put in the mail on the 25th, as well as I believe that

22    the Notice of Default Consent to Judgment, that he not

23    only received it by email on the day, and I don't recall

24    which day it was, it would have been I believe the

25    Wednesday after Thanksgiving.

1          THE COURT:  He has indicated he has seen this

2    agreement and he does not accept it.  Okay?  So regardless

3    of all these dates --

4          MR. GORDON HALL:  Yeah, but even if he didn't

5    orally or in writing accept it, that doesn't mean -- and I

6    conditionally accept that doesn't mean that there isn't an

7    acceptance by the apparent intention of Mr. Watkins --

8          THE COURT:  Okay.  But the Court has ruled

9    otherwise.

10          MR. GORDON HALL:  -- made manifest by his

11    actions.

12          THE COURT:  Okay.  The Court has ruled

13    otherwise.  I find that there is no plea agreement in this

14    case; that is, the original plea agreement as indicated by

15    the Government as well as this amended plea agreement

16    under Entry No. 175 and 175-1 as there is no meeting of

17    the minds.  I find that the Government --

18          MR. GORDON HALL:  Excuse me, Judge.

19          THE COURT:  Hold on.  I find the Government did

20    not assent to such agreement.  And even if it had, based

21    on all of the information contained herein and the nature

22    and circumstances of these particular charges as well as

23    the charges for which you are standing before this Court,

24    that the Court would not have accepted this particular

25    plea agreement.

1          This plea of nolo contendre as offered by

2    Mr. Gordon L. Hall appears to be conditioned on the plea

3    agreement and such plea agreement has not been accepted by

4    this Court.  Therefore, I also find that he has not

5    knowingly, intelligently, and voluntarily entered into

6    this plea because it is conditioned on this plea

7    agreement.

8          **MR. GORDON HALL:**  Excuse me, Judge.

9          **THE COURT:**  Yes?

10         **MR. GORDON HALL:**  I conditionally accept that on

11   proof of claim that under -- under the constitution I

12   don't have the right to due process and equal protection

13   under the law, that you're not trespassing on a contract

14   between the Government and the defendant as well as a

15   contract between the accommodation party and the

16   plaintiff.

17         **THE COURT:**  Okay.  I've heard enough.

18         I'm sorry, gentlemen, but the plea is off.  We

19   are going to proceed to trial.  I will get with counsel

20   with respect to Mr. Gordon Hall to find out what dates

21   work for you all.

22         If Mr. Benton Hall, which we gave a recess for

23   his case, we'll have him come back in here, we will make

24   the individual determination on his case --

25         **MR. GORDON HALL:**  Excuse me, Judge.

1          THE COURT:  -- but with respect to this case, we

2    will come up with a date.

3          MR. GORDON HALL:  Excuse me.

4          THE COURT:  The only way that this case will not

5    go to trial is if there is a true plea agreement that the

6    Court would look to ahead of time and give some

7    consideration as to whether to accept it.  Right now,

8    there is no acceptance of responsibility that will be

9    allowed for purposes of the Presentence Investigation

10   Report.

11         MS. SALVINI:  Can I just -- Your Honor,

12   Ms. Salvini for Mr. Benton Hall, since I've been in the

13   courtroom during this proceeding.  If we can just -- if I

14   can make clear on the record, so I can explain to

15   Mr. Benton Hall and maybe this would also help explain to

16   Mr. Gordon Hall, when the Court says unless there's a plea

17   agreement between the Government and Mr. Gordon and Benton

18   Hall that is actually signed with Mr. Watkins' specific

19   signature --

20         THE COURT:  Or a representative in his office

21   for some reason if he was busy or could not be on this

22   case --

23         MS. SALVINI:  Okay.

24         THE COURT:  -- then it has to be an authorized

25   agreement.  It cannot be constructively done, orally done.

1    It has to be as to the Court's understanding that that is

2    the true intentions of the Government with respect to any

3    plea agreement.

4                MS. SALVINI:  Thank you, Your Honor.

5                MR. GORDON HALL:  Excuse me, Judge.

6                And allow me -- allow me a moment, Mr. Stepp.

7                Your Honor, you made a statement that

8    Mr. Watkins has not a meeting of the minds.  Under

9    classical contract law, that's true.  Under modern

10   contract law, that's -- that is not the way things are

11   done under modern contract law.

12               THE COURT:  Mr. Gordon Hall, I have ruled --

13               MR. GORDON HALL:  Allow me to finish, Judge.

14               THE COURT:  I have ruled.  I'm done.  I'm done.

15   I've given you more than ample time to deal with this --

16               MR. GORDON HALL:  I think it's dis -- excuse me.

17               THE COURT:  And I believe that we have --

18               MR. GORDON HALL:  Excuse me.

19               THE COURT:  -- gone over this.

20               MR. GORDON HALL:  Allow me to finish talking,

21   Your Honor.  I've allowed you to talk.  I feel it's

22   improper to allow disingenuous statements by the Judge --

23   and I'm not trying to be disrespectful, Judge --

24               THE COURT:  When I said meeting of the minds,

25   he, meaning Mr. Watkins, as a Government representative on

1    this particular case and legal counsel to the Government,

2    has emphatically stated that he has not accepted orally or

3    in writing this amended plea agreement --

4              MR. GORDON HALL:  That isn't true, Your Honor.

5    That is a true statement and you continue to obfuscate it

6    with, number one, the meeting of the minds is not required

7    under modern contract law today.

8              THE COURT:  Okay.  But he has not accepted it.

9    Sir, I'm speaking.

10             MR. GORDON HALL:  I was speaking first.

11             THE COURT:  He has not accepted --

12             MR. GORDON HALL:  Would you please not interrupt

13   me?

14             THE COURT:  It's my courtroom.  Okay?

15             MR. GORDON HALL:  And it's my court case so --

16             THE COURT:  It's my courtroom.

17             MR. GORDON HALL:  -- would you allow me to --

18             THE COURT:  I'm speaking.

19             MR. GORDON HALL:  I am also speaking.

20             THE COURT:  I'm speaking.  Do you need me to

21   have the Marshals escort you out of the courtroom?

22             MR. GORDON HALL:  Under threat, duress, and

23   coercion, I'll shut up and allow you to override me and

24   not allow me to speak.

25             THE COURT:  He has indicated he has not accepted

1    the agreement.  Okay?  Even if he had, the Court has made

2    a finding that it will not accept this agreement as

3    written because it is unfair considering the facts and

4    circumstances of this case.  I do not find it equitable.

5    I do not find it in the best interests of public policy.

6    So the Court would not accept this agreement even if the

7    Government had based on my reading of this agreement and

8    understanding of the facts and history of this particular

9    case.  So that matter is closed as to this agreement.

10          MR. GORDON HALL:  May I be allowed to use a

11   phone, Your Honor, and contract my counsel?

12          THE COURT:  Your counsel is right here,

13   Mr. Stepp, on record of this court.

14          MR. GORDON HALL:  And I'm requesting the use of

15   a phone so I don't waste this Court's time any further and

16   a recess so I can come back in here and deal with this.

17          THE COURT:  Your counsel is right here.

18          Mr. Stepp, do you have anything else to add?

19          MR. STEPP:  Just one thing, Judge.  The -- in

20   the event that a -- that Mr. Gordon Hall wishes to -- upon

21   reflection decides to request the Court to go forward on a

22   nolo contendre plea, open plea on all counts, no deals,

23   nothing, just his request to the Court to do a no contest

24   plea on all counts, would the Court require anything more?

25   You talked about a plea agreement.  I know the

1   Government's position on a nolo plea is that they don't --

2   they can't assent to that.

3           THE COURT:  Right.

4           MR. STEPP:  But a nolo plea on all counts, if

5   that's what he wanted to do, would we have to get anything

6   in writing from the Government?

7           THE COURT:  And I apologize for that.  What I

8   meant by that is that he has the ability to go forward on

9   it.

10          MR. GORDON HALL:  Under the original plea

11  agreement offered by the Government.

12          THE COURT:  Well, under just on your own without

13  any plea agreement.

14          But I'm saying that any plea agreement in this

15  case has to be in writing.  I apologize.  I was not trying

16  to suggest that there would only be a going forward if

17  there is a plea agreement.  It's just that it has to be

18  signed and executed by the Government appropriately and

19  with authority, not as indicated by defendants in terms of

20  there being some type of acquiescence or assent or

21  constructive signature or things of that nature.  So there

22  doesn't have to be a plea agreement.  If he wishes to move

23  forward on all counts.  Right now, I'm not allowing him to

24  accept responsibility so you would have to talk me out of

25  that.

1          **MR. STEPP**: I understand. And just for the

2     clarification of the record, on Document No. 175 that the

3     Court has referred to, we did -- I've seen this back and

4     forth thing where the Government sends the proposed plea

5     agreement. It was provided to Mr. Hall and his son. They

6     had some written responses, a counterproposal, for lack of

7     a better phrase.

8          We did have a meeting at the detention center in

9     Spartanburg. The Government, as we've already talked

10    about, rejected any change to it. It was their -- it was

11    the Government's offer and that was all they were going to

12    do. There were going to be no amendments, no changes, no

13    difference.

14         They said they would work on something, they

15    being the Halls. They would get back to the Government.

16    They sent, I believe, a second offer and directly, I

17    believe, to the Government.

18         I was cut out of that operation. And this is

19    something they're doing. I didn't come up with these

20    proposed changes or anything. As far as I know,

21    Ms. Salvini didn't come up with any of these.

22         The Government's made it very clear that they

23    have their offer and that was all they were going to do.

24    The Halls have sent them maybe one, maybe two, however

25    many proposed changes, they have been sending them to

1   them.

2          From what I believe I read here is that he

3   believes that they've engaged in some negotiations, that

4   the Government can be held in default.  That even if they

5   don't manifest acceptance or written rejection that

6   somehow they can be held to an agreement.

7          And I'm not aware of any provision of the

8   criminal law, the criminal rules of procedure that would

9   force either party under any circumstances to be put into

10  an agreement that they didn't sign off on or certainly an

11  agreement that they manifest to the Court in open court

12  they disagree with it, they have no intention of entering

13  that agreement, that they could somehow be held to it.

14  I'm just not aware of any aspect of the law or the rules

15  of court that would allow that.

16          **MR. GORDON HALL**:  Is there any record in

17  opposition to said record?

18          **MR. WATKINS**:  Your Honor --

19          **THE COURT**:  Yes?

20          **MR. WATKINS**:  I want to put on the record at

21  this point you've entered an order that they're not to

22  file things except through counsel.  I've not filed any

23  motion for contempt or anything like that to enforce that,

24  though I've been inundated with filings.

25          I just want to put everyone on notice, Your

1    Honor, the next filing the Government sees that's in

2    disregard of this Court's order, it will be moving for

3    contempt and sanctions, whether that be asking that they

4    be removed from general population to solitary

5    confinement, or whatever we can do at this point.

6            We've been patient, Your Honor.  We should be in

7    trial right now.  We were -- I was ready to go to trial.

8    I filed my trial brief, jury instructions.  And with the

9    hope there would be some good faith negot -- or just plain

10   speaking.

11           **THE COURT:**  Right.

12           **MR. WATKINS:**  And here we are with these

13   gamesmanships with the battle of the forms.  I'm --

14           **THE COURT:**  Okay.  And the Court will address

15   that.

16           I remind you, Mr. Gordon Hall, again, you are

17   not to submit any filings to this Court.  All such filings

18   shall be through your counsel, Mr. Stepp.

19           I remind you that violation of any of the

20   Court's orders, you could find yourself in a contempt

21   proceeding before this Court as being violative of that

22   order.  If you wish to submit any plea negotiations, they

23   have to go through your counsel.

24           Only because I believed that you all were trying

25   to get some true resolution to this case did I allow the

1  Government to sit with you through your counsel.  But I

2  see now that you need to be made clear to understand that

3  that does not mean that just because I allowed the

4  Government to speak directly to you while your counsel was

5  sitting there that that allows you to engage in

6  conversations with the Government in written or oral

7  communications on your own.

8          All such communications or correspondence must

9  go through your counsel.  Any filings with the Court could

10 be deemed to be in contempt of this Court's oral order now

11 and then my two, if not more, previous written rulings in

12 that regard.

13          Okay.  This proceeding is concluded.

14          **MR. WATKINS:**  Thank you, Your Honor.

15      (WHEREUPON, Defendant Gordon Hall left the

16      courtroom.)

17                          * * *

18 I certify that the foregoing is a correct transcript from

19 the record of proceedings in the above-entitled matter.

20

21   s/Karen E. Martin                    12/14/2013

22 _____    _____
   Karen E. Martin, RMR, CRR         Date

23

24

25

Karen E. Martin, RMR, CRR
US District Court
District of South Carolina