```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF SOUTH CAROLINA
                    GREENVILLE DIVISION



UNITED STATES OF AMERICA,      )
                               )     February 4, 2014
                               )
        -versus-               )     Greenville, SC
                               )
GORDON L. HALL,                )     6:13-170-1
                               )
           Defendant.          )



               TRANSCRIPT OF STATUS CONFERENCE

          BEFORE THE HONORABLE J. MICHELLE CHILDS
          UNITED STATES DISTRICT JUDGE, presiding



   A P P E A R A N C E S:

   For the Government:          WILLIAM J. WATKINS, JR, AUSA
                                US Attorney's Office
                                55 Beattie Place, Ste. 700
                                Greenville, SC 29601


   For the Defendant:          BENJAMIN T. STEPP, ESQ.
                                Federal Public Defender
                                75 Beattie Place, Ste. 950
                                Greenville, SC 29601


   Court Reporter:             KAREN E. MARTIN, RMR, CRR
                                300 E. Washington Street
                                Room 304
                                Greenville, SC 29601


   The proceedings were taken by mechanical stenography and
   the transcript produced by computer.
```

1          Tuesday, February 4, 2014

2          THE COURT:  We are back on the record in the

3    matter of The United States of America vs. Gordon Hall,

4    6:13-170-JMC.

5          Mr. Hall, we indicated that I was coming

6    upstairs to select juries for three criminal defendant

7    cases.  And I've selected all the juries for the interest

8    of the time of the jurors here.  So we have also selected

9    a jury in your case just so that we would have that out of

10   the way and not have them held up in that regard.  As of

11   this time I've given you at least a couple of hours, I

12   would say, to think about whether or not you wish to enter

13   a plea.  And if not, then we will proceed to trial.  And

14   your trial date is for the week of February 24.  Do you

15   have any further discussions with the Court in that

16   regard?

17          THE DEFENDANT:  I do, Your Honor, and thank you.

18          THE COURT:  Okay.

19          THE DEFENDANT:  It appears that I'm being

20   refused the access to a simple local phone call to maybe

21   help clear this up and resolve this.  I conditionally

22   accept the offer to pick a jury.

23          THE COURT:  Well, we've already selected the

24   jury for your case just because I had all the jurors here.

25   And I couldn't have them wait any longer, so we selected a

3

1    jury for all three cases.

2         THE DEFENDANT:  Well, your selection isn't made

3    moot by the fact that there is a motion before the Court

4    that resolves the matter in accordance with the promises

5    made by the prosecution in accordance with minor contract

6    law, et cetera?

7         THE COURT:  Okay.  And just so we don't go down

8    this road again, the prosecution, meaning the US

9    Attorney's Office, apparently offered you a plea

10   agreement.  There was a point at which you countered that,

11   but they have not accepted that.  So there is no plea

12   agreement available in this case.

13        They indicated this morning that they did not

14   intend to offer another plea agreement.  So to the extent

15   that you decided to plead, you would have to plead based

16   on the factual basis that they would offer before the

17   Court, accept those facts, or if you pled under a no

18   contest plea.

19        THE DEFENDANT:  Well, I've put in a no contest

20   plea based on the promises by them.  And if you're telling

21   me that I don't have the constitutional safeguards and

22   protections of Article I, Section 10, Clause 1 which

23   states in pertinent part that no state shall pass any law

24   impairing the obligation of contracts, then let the record

25   show that I'll be filing an interlocutory appeal with your

1    permission to resolve said matter in accordance with law.

2            THE COURT:  Okay.  If you are deciding not to

3    appeal, then we will proceed to trial.  And any appeal

4    would come after the trial.

5            THE DEFENDANT:  Well, again, I reiterate what I

6    just said without being verbose.  If you're going to deny

7    my right to constitutional safeguards and protections,

8    then I feel I'm entitled to an interlocutory appeal on

9    said -- are you making a final order as to that current

10    motion that's before this Court?

11            THE COURT:  Are you suggesting that you will

12    plead only if the Government accepts your promises?  Is

13    that what I'm hearing from you?

14            THE DEFENDANT:  That I believe we -- if a

15    promise isn't a manifestation of an intention to act or

16    refrain from acting in a specified way so made as to have

17    a promisee expected and relied on said promise, I would

18    say --

19            THE COURT:  What are you specifically referring

20    to?  You're talking in a lot of legalese.  What are you

21    specifically saying that the Government promised you?

22            THE DEFENDANT:  Is there not a motion before the

23    Court with the certified record that indicates -- excuse

24    me, Judge, if I'm being --

25            THE COURT:  But I need you to just state that in

1    plain English right now.  What are you specifically saying

2    that the Government promised you?  That would affect your

3    ability to plead?

4              THE DEFENDANT:  Well, I've put in a nolo plea in

5    accordance with the promises made under the said agreement

6    that's before the Court under the motion that was filed

7    yesterday that I believe you received and Mr. Watkins

8    received.  Mr. Stepp indicated he received it.

9              THE COURT:  But under that document, are you

10    suggesting that you would only plead if the Government

11    accepts that document as part of your plea?

12              THE DEFENDANT:  They've already accepted it,

13    Your Honor, unless you're saying that I should --

14              THE COURT:  Okay.  They have indicated earlier

15    that they have rejected whatever counteroffers that you

16    have.  And I have already ruled at a previous proceeding

17    that they have not accepted something by mere failure to

18    respond because they are ethically and professionally

19    prohibited from responding to you directly since you're

20    represented by counsel.  And they have indicated that

21    while those documents are in fact a part of the Court's

22    filings, that even if they were filed by Mr. Stepp as your

23    counsel, they still reject it.  So we don't have there

24    being any assent by them in that regard.  So let's just

25    assume that those documents had even been signed and

6

1    accepted through counsel, Mr. Stepp, to the Court, and

2    that the Court, even if I had accepted them, those

3    documents were not agreed upon by the Government.  So

4    there is no agreement in place between you and the

5    Government at this point in time.

6            THE DEFENDANT:  I conditionally accept that on

7    proof of claim that there's any record in opposition to

8    said record on that basis.  And on the basis that --

9            THE COURT:  Well, the Government at the last

10   hearing made a clear indication orally that they did not

11   accept the documents or the recitations or verbiage or any

12   of the wording within your document.  So they don't accept

13   the terms.

14           THE DEFENDANT:  What -- excuse me, you're

15   talking.

16           THE COURT:  Yes, that's okay.  They don't accept

17   your terms.  So therefore we don't have any agreed upon

18   terms.  So at this point in time there are no agreed upon

19   terms.  So the only plea is for me to inform you of the

20   charge, inform you of your constitutional rights, have the

21   Government inform you of the factual basis of the plea,

22   and you either accept that and plead or you don't and you

23   go to trial.  That's the only option.

24           THE DEFENDANT:  Excuse me.  Forgive me, Judge.

25   I should allow you to finish speaking.

1          THE COURT:  Go ahead.  Proceed.

2          THE DEFENDANT:  I need to listen better.  I

3    conditionally accept that on proof of claim that there's

4    been any record in opposition to said record and that

5    modern contract law doesn't apply.  Or if you're telling

6    me that we're going to use traditional contract law, then

7    I accept proof of claim.

8          THE COURT:  I'm not telling you anything in that

9    regard.  I'm telling you that the documents that you have

10   filed, whether on your own or through your belief that

11   they are appropriately filed through counsel, those

12   documents were rejected by the Government's office.  So

13   there is no agreement between the two of you.

14          At this point in time, the only thing I can do

15   is inform you of your charges, the elements of the

16   offense, maximum possible punishment, constitutional

17   rights, and the factual basis for the plea.  You'll either

18   accept that, acknowledge your understanding of that, and

19   that's it, or we proceed to trial.

20          THE DEFENDANT:  So you're telling me, if I've

21   got this right, that I don't have constitutional

22   safeguards of protection of -- under Article I, Section

23   10, Clause 1.  I don't have a right to rely on the

24   promises by the Government as manifested in their lack or

25   actually in their proactive stance in that negotiation

1    where they did respond and eventually decided --

2         THE COURT:  You are perfectly able to go to

3    trial and challenge whatever you believe are these

4    manifestations or promises by the Government.  As we stand

5    here today with respect to a plea, the Government has

6    represented that they've made no such manifestations or

7    representations to you.  But you are perfectly able under

8    your constitutional right to a jury trial to be able to go

9    and challenge any of those issues.

10         THE DEFENDANT:  Do I have any other

11    constitutional safeguards or protections?

12         THE COURT:  There will be numerous ones that I

13    will list for you if I was to do a guilty plea by telling

14    you you have your right to counsel, you have your right to

15    require witnesses to come to trial, you have the right to

16    remain silent, to not have to prove your innocence, that

17    the Government has to prove your guilt.  So there are

18    several procedural safeguards constitutionally and

19    otherwise available to you.

20         THE DEFENDANT:  And reiterating all of the

21    things that I've previously said without being verbose or

22    wordy and offending you, Judge, because that's the last

23    thing I want to do.

24         THE COURT:  I understand.

25         THE DEFENDANT:  Oh, my goodness.

1         THE COURT:  And you've been very kind.  We just

2    have a difference of opinion on how to proceed.

3         THE DEFENDANT:  A simple local phone call would

4    allow me maybe to get this resolved right away.  And I'm

5    sitting down there for a couple hours --

6         THE COURT:  But resolve it how?  I don't

7    understand what you mean.

8         THE DEFENDANT:  I have some counsel that I speak

9    with that can help me resolve this.  Because I'm either

10   misunderstanding something here or I'm entirely

11   misunderstanding the fact that I have certain

12   constitutional safeguards and protections.

13        THE COURT:  So you're saying you wish to consult

14   with some other lawyer.

15        THE DEFENDANT:  Well, my counsel.  Mr. Stepp is

16   not my counsel.  He might be the defendant's appointed

17   counsel, but he's not my counsel.

18        THE COURT:  Well, Mr. Stepp is your counsel.

19   And I would tell you that the first thing you would have

20   to do in order for me to accept a guilty plea is to

21   acknowledge that you are an appropriately charged

22   defendant in this case.  If you can't even acknowledge

23   that you are an appropriately charged defendant in this

24   case and you are the Defendant Gordon Hall for purposes of

25   this action, then I can't proceed with a guilty plea.  So

1    your calling counsel will not help you because you have to

2    be able to acknowledge that first.

3            THE DEFENDANT:  I'm absolutely with you on that.

4    I'm willing to acknowledge under a nolo contendre the

5    promises made by the Government as manifested in the

6    certified record that's been submitted with the

7    Government's permission or in no opposition to it.

8            THE COURT:  Okay.  But I've told you that the

9    Government has rejected you.  And then I have also ruled

10   that they didn't have to accept anything that you filed on

11   your own because you were represented by counsel.

12           THE DEFENDANT:  Where is the record --

13           THE COURT:  And that even if they had filed --

14   even -- let's consider that those documents were filed.

15   They have rejected them.  And I have ruled that they have

16   by not responding that that did not mean that they had

17   accepted your terms.  That's my ruling.  So let's just

18   start there.  That is my ruling.

19           THE DEFENDANT:  If that's a final ruling, then

20   we'll get it and put it up on appeal as an interlocutory

21   appeal and that should halt this.  Because based on that,

22   you're telling me that I don't have a right to rely on

23   constitutional safeguards or protections as I understand

24   it.

25           THE COURT:  I'm not telling you anything in that

1    regard.  I mean, those are your words.  That's not what I

2    said to you.  I've made my rulings.  It does not appear

3    that you're willing to accept yourself as a defendant in

4    the case for me to be able to accept your plea.

5              THE DEFENDANT:  (Simultaneous speaking) I will

6    accept under nolo contendre I am the defendant in this

7    case as it relates to a nolo plea.  And I'm willing to

8    accept that under the nolo -- under Rule 11 and all of its

9    safeguards and protections that are there.

10             THE COURT:  Okay.  But you also indicate

11   you'll --

12             THE DEFENDANT:  I don't have a problem with

13   that.

14             THE COURT:  -- you'll only do so if the

15   Government's alleged promises to you are part of this plea

16   and there are none.  I've ruled that way.  They've also

17   rejected such promises.

18             THE DEFENDANT:  Let me ask this, Judge.  I'm

19   using a lot of your very valuable time and that's a big

20   concern of mine.  Why am I not allowed a simple local

21   phone call that might help clear all this up?

22             THE COURT:  I don't understand what you mean by

23   clearing anything up.  You've got counsel here.  I mean,

24   you're welcome to speak on your own time to whoever this

25   person is that you'd like to consult with.  But for

1    purposes of this proceeding, Mr. Stepp is your counsel and

2    he is who I would listen to.

3         THE DEFENDANT:  Well, I conditionally accept

4    that on proof of claim that he'll even be in contact with

5    me, which he has not done or been willing to do on a free

6    basis, accessing which would indicate to me

7    ineffectiveness were we to accept such a thing.  And the

8    other is a simple phone call might resolve this and we can

9    get this so that we don't waste our time with a trial.

10   Because as I've indicated, Judge --

11        THE COURT:  Might resolve what?

12        THE DEFENDANT:  This situation and my position

13   as it relates to this discussion.  Because I'm either

14   missing something or -- and the one -- it's a concept

15   of -- I realize that there's been advice given by the

16   Court in the past that wasn't well heeded by me.  And I'm

17   trying to listen to you right now trying to hear this and

18   not just run -- talk myself with potentially things that

19   are not of efficacy here that mean nothing.  And a simple

20   phone call to my counsel so that I can get some opinion,

21   because Mr. Stepp doesn't have any idea of some of this

22   stuff, and I understand that he doesn't.  And I'm, from my

23   viewpoint, I'm being denied constitutional safeguards and

24   protections.  You're indicating that perhaps that may not

25   be the case.  If that be the case, then you're saying

1    something and I'm missing it.  And a simple local phone

2    call can maybe get this cleared up.  Or in the

3    alternative, I request that this be continued and allow me

4    the opportunity to get this settled with the prosecution.

5              THE COURT:  Okay.  Mr. Hall, we've been dealing

6    with this probably at least three months or so.  If you

7    are at a guilty plea, what happens is the Court informs

8    you of the charge against you.

9              THE DEFENDANT:  Right.

10             THE COURT:  We inform you of the elements of

11    that particular charge that the Government has to prove

12    against you beyond a reasonable doubt.  We also inform you

13    of various constitutional rights, including your right to

14    go to trial, right to remain silent, right to have

15    witnesses come to the court before you, make you

16    understand that the factual basis or what the

17    investigation has revealed with respect to why you've

18    actually been indicted and charged.  And then you have to

19    accept responsibility in the form of pleading guilty

20    because you agree that you are charged appropriately, that

21    you have actually committed the offense for which you are

22    brought before this Court.  That's what a guilty plea is.

23             It is not saying I conditionally accept or any

24    of those types of terms.  You have to actually factually

25    and legally accept what the charge of the indictment is

1    and the factual basis of that is as well as an

2    understanding of your constitutional rights, an

3    understanding of the elements of the offense because you

4    agree that you did actually commit the offense.  That's

5    the only way the Court accepts a guilty plea, that you

6    agree that you accept the offense.

7              Or if I were to accept a nolo contendre plea, it

8    means that the Government still gives me that factual

9    basis.  However, you cannot contest it.  That means you

10   have no opinion of those facts.  But yet I have to rely on

11   them because nolo contendre means no contest, I do not

12   contest those facts.

13             And from that point forward I accept those

14   facts.  And then when we enter sentencing, while you and

15   your counsel will have the opportunity to convince me of

16   an appropriate sentence, I will still be basing my

17   sentence with an understanding of what those facts are

18   that have been put forward to the Court by the Government.

19             So there are no challenges under a factual basis

20   under a regular plea, maybe a couple of issues that you

21   might have a disagreement on maybe a date or a time about

22   something.  But the substantive offense for which you're

23   charged, you won't have a disagreement about because you

24   will agree that those are the facts for which you're in

25   front of the Court; or under no contest, you don't contest

1    the facts.

2            That's the only way I can accept your plea.

3    Because it has to be entered into freely, voluntarily,

4    knowingly, and intelligently with no disagreement about

5    these main issues.

6            THE DEFENDANT:  Under the nolo plea, Judge, I'm

7    in concert with you.

8            THE COURT:  Okay.

9            THE DEFENDANT:  I am in concert with you that I

10   have to accept all of that and I'm more than willing to.

11           THE COURT:  Okay.  And then in accepting it, the

12   Government has indicated it has made no promises to you.

13   They have orally rejected it.  They have also I believe in

14   writing rejected it.

15           Upon us being before this Court a few weeks, a

16   couple of months ago, I allowed the opportunity for all of

17   those filings that you placed on to the record for me to

18   review those.  And I agreed also that their mere failure

19   to respond to you did not indicate that they had accepted

20   your terms.  So that ruling has already been made and

21   that's what you have to accept at this point.

22           You have every right to appeal, even if you

23   entered a plea, the guilty plea.  And you have every right

24   to appeal the sentence if you believe I've been in error.

25   But for purposes of accepting -- me even accepting your

1    plea, again, it has to be knowingly, voluntarily, and

2    intelligently entered.  And it does not include a plea

3    that has in anyway some type of agreement by the

4    Government that is not in writing, particularly in this

5    case, of some terms which you believe they've accepted

6    that they've indicated they have not accepted and I have

7    ruled that they have not accepted.

8            THE DEFENDANT:  Your Honor, I think we're very

9    close to a deal here of wrapping this up and not taking

10   this valuable Court's time and these fine people's time,

11   which I'm -- you know how I feel about trial.  I intend

12   absolutely not to go to trial because I consider that an

13   obstruction of justice.  And people are punished

14   additionally for such a thing.  And I don't disagree with

15   such a thing.  So I do not intend at all to be going to

16   trial.

17           I've put in a nolo contendre plea.  Either I'm

18   misunderstanding something you said, but I'm requesting a

19   day or two of continuance, because if you've already

20   selected a jury, it's irrelevant at this point.  A day or

21   two of allowing me some phone calls, which isn't going to

22   hurt.  It's not meant for delay.  It's not meant for

23   harassment.  And it's certainly not meant to cause

24   Mr. Watkins additional work or Mr. Stepp or yourself.

25           THE COURT:  Okay.  Let me ask you this.  Even if

1   I were to, say, give you until Friday at 12 to say whether

2   or not you could actually enter a plea, whether it be an

3   actual plea or a no contest plea, how am I to know that

4   you are able to accept how the Court conducts its business

5   with respect to the plea, which is what I've been

6   outlining in the conversations and discussions we've been

7   having here, that it does not include you wanting to

8   continually go into this refrain about the Government

9   accepting certain promises?

10          THE DEFENDANT:  You're saying I can't rely on

11   what I perceive to be the promises made by the Government

12   is what you're saying?

13          THE COURT:  Exactly.  Because I've already ruled

14   that there were no such promises by their mere failure to

15   respond to documents that you filed in your own capacity.

16          THE DEFENDANT:  I don't disagree in that

17   context.  However, the fact that they've had an

18   opportunity to put opposition as to the motion and the

19   rest of that, allow me the latitude until Friday then and

20   let's see if we can't get this resolved.  Nobody's going

21   to be prejudiced here.  And under nolo, I'm accepting all

22   of those things.

23          THE COURT:  Okay.  But what is it that you would

24   be relaying to Mr. Stepp for him to clearly understand and

25   be able to articulate to this Court, as well as to

1    Mr. Watkins, that we believe you are finally there in

2    terms of accepting your responsibility, admitting to

3    guilt, entering into a plea that does not have us going in

4    this regard?  Because when I do a plea, I have certain

5    questions, certain statements that I'll make to you.  And

6    we don't go back and forth on these conversations, because

7    the person accepts their responsibility.  They accept

8    their guilt.  None of these issues are at issue in a plea.

9    To the extent that there is further information you'd like

10   me to know about you personally, we can take that up at

11   sentencing.  But for purposes of the plea then I will need

12   you to accept the facts that Mr. Watkins has time and

13   again informed the Court of with respect to your

14   individual involvement in the offense for which you are

15   charged.

16            THE DEFENDANT:  I absolutely accept

17   responsibility for this.

18            THE COURT:  Okay.  But how is --

19            THE DEFENDANT:  The question isn't going to

20   be -- is it going to be -- am I misguided under my nolo

21   plea or do I have to switch it up to a straight guilty

22   plea and accept?  And that's a distinct possibility.

23   Allowing me a little latitude here, Judge, I won't waste

24   your time, I won't waste this Court's time.  And forgive

25   me that I've continued to cause you duress or wasting this

1    Court's time.  I've --

2         THE COURT:  I do understand that at any time

3    you're before the Court it's a difficult decision just

4    coming to terms, so to speak, with what has transpired

5    with respect to actually being arrested, being charged.

6    And that's a difficult thing for persons to do.  I

7    understand that.  And so that's why I've been patient

8    along the way.  And I'm just naturally patient in terms of

9    anybody who is before the Court.

10        But there's just got to be a point at which

11   there's a cut off.  These lawyers have a trial date of

12   February 24.  And they've got to get prepared, your side

13   as well as the Government as well as the Court.

14        THE DEFENDANT:  Well, as you're aware of my

15   position, however, I'm absolutely responsible for these

16   charges and I don't equivocate on that.  We have a small

17   little situation here, Judge, regarding the promises I'm

18   operating under.  But in no way am I less than

19   responsible.  Absolutely.  Regardless of --

20        THE COURT:  Okay.  And you understand that those

21   promises are not at issue in this case because I've

22   already ruled that they do not factor into your plea?

23        THE DEFENDANT:  Well, that's your position.  And

24   I've heard you say that.

25        THE COURT:  Sure.

1    **THE DEFENDANT:**  However, I conditionally accept

2    that you can -- that you have the authority to trespass on

3    what I perceive to be a valid contract.  And you may be

4    right, Judge.  So I'm asking you for a little latitude

5    that I might seek some counsel because I'm -- I perhaps --

6    you know, usually I used to feel that the Government

7    sometimes says things that aren't always accurate.  And I

8    don't sense that.  This whole group here is nothing but

9    honorable.  And I really think the Government -- you know,

10   my love for Government and appreciation is great.  I'm

11   operating under maybe some misguided -- maybe some

12   misguided principle here and I don't wish to waste your

13   valuable time.

14   **THE COURT:**  Okay.  But again, going back to my

15   other question.  How do you relay to Mr. Stepp that you

16   are willing to enter this plea -- essentially as long as

17   you understand my questions, and you can make your

18   responses, and I'm okay at the end of the day with how you

19   responded, that you are informed, that you entered it

20   voluntarily, intelligently, and freely, how do you relay

21   that to him so that we know that if I come back to court

22   we're not going back through this discussion?  Because

23   we're done.  I mean, this is it.  If I allow this until

24   Friday and you tell him that you are willing to plead,

25   then you must plead.  If not, we're going to trial and

1    there will be no further discussions except pretrial

2    issues with respect to evidence and then taking on the

3    trial.

4            THE DEFENDANT:  Without boring you,

5    conditionally accepting upon proof of claim that I don't

6    have an idea of what to do.  But, Your Honor, we can get

7    to this if you'll allow me, I'll contact Mr. Stepp via

8    email.  All he's got to do is come over and talk to me.

9            THE COURT:  Okay.  And just for the record,

10   Mr. Stepp, you have been over there to see Mr. Hall?

11           MR. STEPP:  Several times, Judge.  But I would

12   say that this case, this situation has been more of a

13   procedural issue than the facts of the case.

14           THE COURT:  Okay.

15           MR. STEPP:  And listening to him talk today,

16   looking back over these filings, this -- there seems to be

17   the -- I guess the elephant in the room is the phrase plea

18   agreement by mutual assent.  And if that is a -- I found

19   nothing that I can say to the Court is a -- makes that a

20   legally binding or a legally viable term in criminal

21   court.  And if that is something that the Court I believe

22   has already ruled on, that that -- the Court does not

23   agree that that exists, either in this case or any other

24   case, and it seems to me that's the biggest part of the

25   problem.  Because at some point in a plea colloquy,

1    whether it's a nolo plea or a straight up guilty plea,

2    there's discussion about whether anyone's promised you

3    something to get you to plead guilty.  And this plea

4    agreement by mutual assent that Mr. Hall contends he has,

5    as I understand the Court's ruling, you're ruling is he

6    doesn't.

7              THE COURT:  That's correct.

8              MR. STEPP:  And I think that's a big deal that I

9    think could be a stumbling block on moving forward in the

10   case.

11             THE COURT:  Okay.  And the other thing is you

12   keep saying I conditionally accept something.  You have to

13   accept it.  There's no conditional acceptance.

14             THE DEFENDANT:  In regards to --

15             THE COURT:  So when we get into a plea colloquy,

16   I cannot hear the words conditional acceptance or I will

17   reject the plea.  The Court has the opportunity to accept

18   it or reject it.  If I believe in any way that you are

19   equivocating, you do not understand, are not freely,

20   voluntarily, and intelligently entering into the plea,

21   which means I understand it, I accept it, not

22   conditionally or otherwise, but I agree or I do not

23   contest, those are the only phrases of words that I can

24   allow for the plea to go forward.  So if that is not in

25   your heart and your mind to do, then I will let you know

1    right now I will reject the plea.

2        THE DEFENDANT:  I think you and I are in

3    concert, Judge.  I understand that it's my duty and

4    responsibility to accept these charges, which I do.  The

5    question is is this small thing.  And while we're talking

6    about this, I know that you've ruled.  But, of course,

7    under the rules of evidence, it wasn't -- it had no legal

8    basis to begin with.  Now there is a legal basis where

9    there wasn't.  So, you know, allow me a little latitude

10   here.  Let me formulate something.  It shouldn't take

11   long.  And Mr. Stepp can be responsive to the emails or he

12   can give me a call over there or he can come by.  It's not

13   difficult.  If we think that I need him in the middle of

14   this, then we'll go from there.  Just allow a little

15   latitude here, Judge.  Your schedule hasn't changed any.

16   It won't prejudice anybody.

17       THE COURT:  Okay.  Let me think about this.

18       Mr. Stepp and Mr. Watkins, I need you two

19   gentlemen, before I would potentially even accept the

20   plea, I'm trying to get to a point of us not being back

21   here, where all I do is reconvene and then we keep going

22   through this song and dance.  If there is some very

23   general yet very understandable language, even in just the

24   form of a paragraph that the two of you could come up with

25   that requires Mr. Gordon Hall to sign off on that lets me

```
1    know his intention to plead that kind of culminates the
2    discussions we've been having here, that he agrees that
3    the Government has not assented to the terms for which he
4    wishes to plead, just something general, then that would
5    be what he'd have to sign.  And then you would file it
6    with this Court before I would go forward with any other
7    proceeding that relates to him having a plea.  Because I
8    just don't -- I need it to be in such terms so that it's
9    very clear and basic, you know, just in a couple of
10   paragraphs with some bullet points or whatever, that you
11   all understand what we're trying to accomplish.  And he
12   would have to sign off on that.  And then that would --
13   you can show me the document ahead of time.  But that
14   would be the document that he would have to sign off on
15   before I would even convene another proceeding.
16   Otherwise, I think we are going straight to jury trial.
17           THE DEFENDANT:  I think I can assist in that,
18   Judge, and I think we can get that done with Mr. Watkins.
19           THE COURT:  Well, I'm going to ask these
20   gentlemen to draft the document because they understand
21   what needs to happen.
22           THE DEFENDANT:  So long as my substantive rights
23   aren't violated, we're going to get this resolved.  Allow
24   a little latitude.  There's no prejudice.  No intent to
25   harass or delay, Your Honor.  Forgive me for taking your
```

1    time today.

2            THE COURT:  Okay.

3            But gentlemen, just so you understand the type

4    of document, you understand what a plea colloquy is about

5    each time.  And I think it's certain of those questions

6    that are in that plea colloquy that might be helpful in

7    terms of the statements that might need to be in the

8    document.

9            MR. WATKINS:  And, Your Honor --

10           THE COURT:  Just enough for me to understand,

11   essentially, whether he intends to plead or not, you know

12   what I'm saying?  I'm trying to do that in a way that

13   doesn't put all the pressure on Mr. Stepp to have to

14   interpret the discussions, the emotions as to whether or

15   not we really are here.  Because when I come back, then

16   we're going to a plea and I'm going through my colloquy

17   and we're done.  I will not entertain anymore discussions

18   on these types of issues because that shows me we are not

19   at a plea.  Do you understand what I'm saying?  Meaning

20   Mr. Stepp and Mr. Watkins?

21           MR. STEPP:  I think I do.  And before we leave,

22   I'd like to try to clarify this last issue of the email --

23           THE COURT:  Okay.

24           MR. STEPP:  -- that Mr. Hall sent to the

25   prosecutor yesterday.  And I think what he's referred to

1    about the -- some documents or some evidence or some

2    information that may not have been before the Court at an

3    earlier date which would indicate or support his position

4    that the -- that there is a plea agreement by mutual

5    assent, in other words, the things the Government either

6    did do or didn't do constitute under his theory of

7    contract law that they have bound themselves to a plea

8    agreement which was filed with the Court back in December.

9    We went through this --

10          THE COURT:  Right.

11          MR. STEPP:  -- about that.  I think that was the

12   choking point over the last time we were going down this

13   path of a nolo plea.  And so if -- which I think perhaps,

14   and I'm not putting words in his mouth, but I think

15   perhaps that he believes that certain things were not

16   properly procedurally before the Court.  And that if they

17   had been, it might have altered the Court's opinion about

18   whether or not this plea agreement by mutual assent

19   exists, number one.  That's immaterial about whether the

20   Court is required to accept it even if it was out there --

21          THE COURT:  Okay.

22          MR. STEPP:  -- which I think falls under your

23   discretion under Rule 11.  But nevertheless, if -- I would

24   just ask the Court to consider that all of this, things in

25   these last filings be considered in, I guess for lack of a

1    better phrase, a motion to revisit or reconsider your

2    earlier ruling back in the filing I got January the 23rd

3    where the Court denied the motion.  That's Document

4    No. ECF-210.

5            I think a lot of this is this procedural aspect

6    about whether there's any enforceable agreement between

7    the Government and Mr. Hall that somehow the Court is

8    obligated to accept it.  And I'm willing to talk.  If he's

9    got somebody he wants to talk to and he wants that person

10   to talk to me or me to talk to that person, I'm happy to

11   do it.

12           **THE DEFENDANT:**  Very good.

13           **MR. STEPP:**  Because if I've missed something, I

14   certainly want to know about it because this is a very

15   novel theory of law.  And if it's out there and I've

16   missed it -- because I've looked for it.  I've done some

17   research and done what I feel is due diligence trying to

18   find out if there's a legal basis to enforce plea

19   agreements in this fashion.  And I have not yet found

20   anything.

21           **THE COURT:**  And your understanding of in this

22   fashion, to make sure we all understand the facts, is that

23   the Government offered a plea agreement.  Mr. Hall

24   countered that plea agreement through a writing that he

25   filed with the Court.  The Government failed to respond,

1   so Mr. Hall's position is that by the failure to respond,

2   that was the acceptance of the agreement.

3           THE DEFENDANT:  Excuse me, Judge.  The

4   Government did respond to my counterplea.

5           THE COURT:  Responded how so?

6           THE DEFENDANT:  In writing and they gave a copy

7   to Mr. Stepp.  And Mr. Stepp informed me that the

8   Government wanted restitution and wanted some jail time.

9   And I agreed with that in accordance with the agreement.

10          THE COURT:  You agreed with it?  I thought your

11  counteroffer was no jail time, no restitution.

12          THE DEFENDANT:  That was the first offer, Judge.

13          THE COURT:  Okay.

14          THE DEFENDANT:  When they came back and said,

15  no, we need -- we're going to drop it down from -- when we

16  agreed that we were going to drop it from eight counts to

17  one count, I accepted that with no jail time or -- because

18  restitution had already been fully paid, that there

19  wouldn't be any restitution.  They came back and said, we

20  would like some restitution and some jail time.  I came

21  back and said, I don't have a problem with that so long as

22  it's in this basis, time served and et cetera, et cetera.

23  It's in the agreement if you take the time to read it.  So

24  we had a --

25          THE COURT:  You said on the basis of time

1    served.  That's what the Government does not agree with.

2    They believe that the sentencing --

3         And don't let me put words in your mouth, Mr.

4    Watkins.  I'd like to hear from you.

5         But that the sentencing is going to be up to the

6    Court and that they were not agreeing to time served.

7         THE DEFENDANT:  Well, I believe that they might

8    have orally subsequently stated that in writing.  My

9    question is simply where is their record in opposition?

10   We were in communication via writing.  Courts speak

11   through their writings.  So my question is where is the

12   writing that says that they're in opposition and I don't

13   have a right to rely on their conduct for --

14        THE COURT:  But what is the conduct you're

15   relying on?  Because their failure to respond I have ruled

16   and then they've also orally stated that they have rightly

17   rejected that offer of time served.

18        THE DEFENDANT:  Well, if you'll take time to

19   read the back and forth between the Government and myself,

20   I think it will be self-explanatory.  And if I have it

21   correct, from your point of view then and Mr. Stepp's and,

22   obviously, Mr. Watkins', that we're dealing with

23   traditional situation where assent is going to be express

24   only, then my question is where is the express consent I

25   authorized?  You know, if we're all equal under the law,

1    then why am I not -- where did I give consent, active

2    consent or meeting of the minds to allow them to indict

3    the client or the defendant or myself or arrest or deny

4    bond or any of these things?

5            And this is, again, if you'll allow a little

6    latitude and if you'll instruct the --

7            THE COURT:  What do you mean by allow them the

8    right to indict you?  That's not something that you would

9    be involved in.  That's a separate proceeding in and of

10   itself through the grand jury.

11           THE DEFENDANT:  Well, if we're all equal under

12   the law, we're going to deal with either traditional

13   contract law or modern contract law.  They can't have it

14   their way on one thing and another way on another, in my

15   opinion.

16           THE COURT:  But what is the assent that you say

17   that they gave you?  Like what is the agreement?

18           THE DEFENDANT:  Well, mutual assent is you --

19           THE COURT:  I understand what mutual assent is.

20   What are you saying that they agree with?  They agree with

21   what, time served?

22           THE DEFENDANT:  Well, I'm asking, where is their

23   record in opposition?  They have no record in opposition

24   and I asked them about --

25           THE COURT:  Okay.  So you're back to my original

1    premise that their mere failure to respond to your latest

2    documents indicating how you wish to plead and under what

3    terms is their assent.

4            THE DEFENDANT:  Isn't that a response?

5            THE COURT:  The failure to respond is a

6    response?

7            THE DEFENDANT:  Is that not a response?

8            THE COURT:  But I've ruled that ethically and

9    professionally they did not have to respond to a person

10    represented by counsel.

11            THE DEFENDANT:  No offense saying you can

12    trespass on my contract by what authority?

13            THE COURT:  What I'm telling you is that they

14    could not respond to you directly.  They would have to

15    come through your counsel in that regard.  And at the time

16    you were rejecting counsel.  But they made it clear that

17    they were not accepting this latest offer of yours to

18    plead to time served.  And so that is not an agreement by

19    them.  Now, how I sentence, that's up to me totally.  But

20    they were not agreeing to come before the Court and state

21    that you all had an agreement to time served.

22            THE DEFENDANT:  Well, as long as you sentence in

23    accordance thereto, I'd be okay with it, Judge.

24            THE COURT:  I'm sure you would, but I haven't

25    stated how I would sentence.

1          THE DEFENDANT:  Could you maybe assist me by

2    requesting that the stenographer -- I'll pay the extra

3    fees to get an expedite of this particular hearing today

4    so that I can address and study it just a bit and get back

5    ASAP?

6          THE COURT:  Well, there's a process by which you

7    would request any kind of transcript.

8          THE DEFENDANT:  I'll request it.  And I'm

9    putting it on the record and I'm requesting perhaps, if

10    it's not too much trouble, is it possible I can get it

11    expedited?  I'll pay for it.

12          THE COURT:  Well, there's a process for how

13    that's done.

14          THE DEFENDANT:  If you could ask her to do this,

15    I would appreciate it.

16          THE COURT:  I'm sure there's an up front payment

17    process as well.

18          THE DEFENDANT:  If we can now go ahead and

19    adjourn this based upon the fact that allow some latitude.

20    Let me get this dealt with.  And let me get with Ben and

21    let's see if we can get this resolved quickly so that

22    it's -- so that Mr. Watkins is satisfied, that you're

23    satisfied, Judge, and we can quit wasting valuable court

24    time --

25          THE COURT:  Okay.

1      THE DEFENDANT:  -- and I quit making potentially

2  maybe offending you.

3      THE COURT:  Let me here from Mr. Watkins and

4  Mr. Stepp with respect to if this is going to be resolved,

5  my suggestion of some type of writing that you all come up

6  with that he has to sign by a certain time this week.  And

7  either we have a plea or we don't.  Because I'm not going

8  to come back to court and keep convening this kind of

9  conversation.

10      MR. WATKINS:  Judge, I'm afraid he's going to

11  call -- my guess is his counsel is Jack Smith.  Jack

12  Smith --

13      THE COURT:  Is that a lawyer?

14      MR. WATKINS:  No, ma'am.  He's, frankly, a

15  co-conspirator.  And he's going to explain to him why

16  you're wrong and I'm wrong and there's really a contract

17  and we're back where we are.

18      THE COURT:  Okay.

19      MR. WATKINS:  However, talking about a document

20  that might help us, I would say so we don't do this again,

21  because I know Your Honor doesn't and I don't want to be

22  here again until the first day of trial, however, if

23  Mr. Hall filled out and properly completed with the aid of

24  counsel Judge Anderson's plea petition.

25      THE COURT:  I thought about that as well.

1    **MR. WATKINS:**  Which is a very thorough form

2  informing him of his rights.  There's a section in there

3  about promises and plea agreements.  He would have to be

4  able to mark that as there is no plea agreement.  There

5  have been no promises.

6        If he cannot do that, if he still wishes to rely

7  on the UCC and this whole battle-of-the-forms idea that

8  because I did not respond to whatever his last offer of no

9  jail time, no supervised release, whatever, if he wants to

10  stick by that, then he won't be able to fill out Judge

11  Anderson's plea petition.

12        **THE COURT:**  And that's kind of what I had in

13  mind.

14        **THE DEFENDANT:**  How fast you get me this Judge

15  Anderson's plea petition?

16        **THE COURT:**  This afternoon.  I mean, if that's

17  not a problem, make sure Mr. Stepp could --

18        **THE DEFENDANT:**  Excuse me.  Give it to me and

19  allow me to get busy so we can get this resolved.  This is

20  what I -- I am responsible.

21        **THE COURT:**  Okay.

22        Mr. Stepp, your thoughts on that?

23        **THE DEFENDANT:**  And I want to be responsible for

24  this so...

25        **THE COURT:**  Because you're very familiar with it

1    and I've heard about it.

2          **MR. STEPP:**  But I don't have it with me because

3    I'm not in Judge Anderson's courtroom.  I can get one and

4    I'll be happy --

5          **THE COURT:**  Sure.

6          **MR. STEPP:**  I want to get it, give him a copy

7    and take it back to Spartanburg with him and have it with

8    him when he leaves today.

9          **THE COURT:**  Okay.

10         **MR. STEPP:**  I'd also like if the Government

11   could provide me with the penalties and elements sheet

12   that goes with the indictment, because I think they file

13   those things sometime with the Court.

14         **THE COURT:**  Sure.  And I think that that all

15   should be an attachment to it so we have that right in

16   front of him.

17         **MR. WATKINS:**  Your Honor, I imagine Ms. Brissey

18   could print it out downstairs within two or three -- not

19   to put work on Pam.

20         **THE COURT:**  Sure.  We'll get that done before he

21   leaves.

22         **MR. STEPP:**  But again, I think that this -- I

23   think what we're -- where we're going to get to is this

24   plea agreement by mutual assent.  As I understand it, just

25   so I'm clear on this, the Court has ruled the Court does

1    not recognize that as a legally enforceable doctrine.

2          THE COURT:  Doctrine.  And specifically under

3    the facts and circumstances of this case that there has

4    been no assent.

5          MR. STEPP:  So if we get to that point, that's

6    not going to be -- that's a dead issue as far as the

7    Court's concerned.

8          THE COURT:  It is.

9          MR. STEPP:  Right or wrong, that's the Court's

10   concern.

11         Do you understand that?  She's already ruled on

12   this mutual assent.

13         THE DEFENDANT:  Other than the point I've

14   brought up in this hearing.  So just allow me some time

15   and we'll get back --

16         MR. WATKINS:  He can certainly appeal that

17   ruling after the trial, Your Honor.  And he's mentioned

18   interlocutory appeal.  I don't think this is an

19   interlocutory matter and you would not allow such an

20   appeal if he tried to file one.  So if he wants to --

21         THE COURT:  That's correct.  He would go on to a

22   jury trial.

23         MR. WATKINS:  If he can -- he's protected his

24   record if he believes that this mutual assent doctrine,

25   that he's right on that, or he can go to the Fourth

1    Circuit Court of Appeals after trial were I successful in

2    getting a conviction.  If I don't get a conviction, he

3    doesn't have anything to appeal and he goes home to Mesa.

4              MR. STEPP:  May I follow up on that?

5              THE COURT:  Sure.

6              MR. STEPP:  Because if a plea is entered, I

7    would -- that might wipe out any appeal on the issue of a

8    plea agreement by mutual assent.  I'm concerned because

9    normally a guilty plea --

10             THE DEFENDANT:  Obviously, such a thing would

11   be, Judge.  I understand that.

12             THE COURT:  Yeah, guilty plea moots that

13   particular issue.

14             MR. STEPP:  And I would imagine a nolo plea

15   would probably moot it the same way a guilty plea would.

16             THE COURT:  Right because it would be no

17   contest.

18             MR. STEPP:  I don't want somebody thinking that,

19   well, we could go through this thing and I'll still have

20   that as an appeal issue.

21             THE COURT:  I'm glad you brought that up.

22   That's true.  Because once you plead and you've entered

23   into it, and unless there was something legally wrong with

24   the plea, then all of these alleged defenses you're

25   bringing up with respect to the plea, they no longer exist

1  because you've entered the plea and accepted the

2  responsibility.

3          Okay.  So I like the idea that before he leaves

4  he can just remain with the Marshals and you can all can

5  appropriately get the Judge Anderson written plea colloquy

6  document.  Attach to it the indictment as well as the

7  elements of the offense and that should be sufficient.

8  Because we have placed on the record several times the

9  factual basis of the plea.

10          You do recall that, Mr. Hall?

11          THE DEFENDANT:  I accept the factual basis of

12  the plea under nolo or guilty plea are those.  And they're

13  not going to be contested.

14          THE COURT:  Okay.  All right.  So that's all

15  taken care of so that he would have all of that together.

16  And only upon that signed document Friday by 12 p.m. will

17  I then go forward with a plea.

18          THE DEFENDANT:  That's assuming we don't have

19  any hiccups or problems.

20          THE COURT:  But I'm just saying, only upon that

21  signed document by Friday at 12, then we'll schedule a

22  plea.

23          THE DEFENDANT:  If it goes to Monday, it's not

24  going to affect --

25          THE COURT:  No, it's got to have a cut off.

1    Friday at 12.  And I'll be here Tuesday or Wednesday to

2    accept pleas again.

3            THE DEFENDANT:  Then instruct the jail to not

4    deny me access to the telephone at reasonable times.

5            THE COURT:  Well, the jail is in control of

6    their policies, their procedures.  So if you can work with

7    Mr. Stepp in trying to assist you in that regard but --

8            MR. STEPP:  I can't get in the middle.  The jail

9    runs their business.

10           THE COURT:  Exactly.  That's okay.  I'm just

11   saying that to the extent that there is anything that you

12   normally do for your clients, then you can do it.  But I

13   can't instruct them as to how to run their procedures.

14   Because every defendant who came in front of me would then

15   be asking for favors of some sort and I couldn't do that.

16           THE DEFENDANT:  I'm seeking no favors.  I'm just

17   requesting that there be equality under the law.  If you

18   lock me up under solitary confinement for no reason and

19   deny me access to the phone and access to --

20           THE COURT:  There has been a reason.  You're

21   indicted by a grand jury.  There is a reason you're

22   confined.

23           MR. STEPP:  May ask I ask him something?

24           THE COURT:  Yes.

25           MR. STEPP:  Are you being denied access to the

1    phone over there now?

2           THE DEFENDANT:  Not at the moment, no.

3           MR. STEPP:  Do you think you'll be denied access

4    to a phone such as they only give you one phone call in a

5    24-hour period?

6           THE DEFENDANT:  At this time I have no

7    expectation to the contrary.

8           THE COURT:  Okay.  Good.  And then your behavior

9    dictates that as well because the jail will have its

10   policies and procedures.  So as long as you conform to

11   their policies --

12          THE DEFENDANT:  My behavior, so the Court

13   understands, my behavior is exemplary.

14          THE COURT:  Wonderful.

15          THE DEFENDANT:  And there's nothing to offend

16   the jail people.

17          THE COURT:  Okay.  Well, there's nothing for me

18   to preempt then.

19          All right.  So that's the ruling.  If it gets

20   signed, then I'll be available next Tuesday or Wednesday

21   for a plea.

22          THE DEFENDANT:  And so long as it doesn't

23   interfere with my substantive rights, I'm okay with all of

24   this.

25          THE COURT:  Okay.  And if you don't sign it,

1  then we're going to trial.  And the only thing I'll

2  entertain is if you all have pretrial motions.

3          THE DEFENDANT:  That would be assuming we didn't

4  settle it.

5          MR. WATKINS:  Your Honor, this petition is

6  typically filed on ECF.  And I also would sign it.

7  Mr. Stepp would sign it.  So if Mr. Stepp gets that from

8  Mr. Hall completely filled out properly and I sign it,

9  we'll file it on ECF.  And that would let the Court know

10 that there apparently it really is a plea.  If it's not

11 filed, then --

12         THE COURT:  Then I already know the answer then.

13         MR. WATKINS:  Yes, ma'am.

14         THE COURT:  That was my whole point was trying

15 to come to some solution that didn't invite this

16 discussion and conversation again.

17         THE DEFENDANT:  I understand.  And one last

18 thing.  I believe we have a solution, you don't.  But

19 we're going to work this through between now and Friday,

20 Monday and get it dealt with.

21         THE COURT:  Friday.  Yes.

22         MR. STEPP:  The petition, there's, I don't know,

23 9 or 10 or 12 pages.

24         MR. WATKINS:  15 pages.

25         MR. STEPP:  Okay.  And there's only one little

1  paragraph that's going to have any real impact, I believe,

2  on where we're at right now.  It's about a plea agreement,

3  is there one?  And before we leave the building, while

4  we're all here together, is I hear the Government --

5          THE DEFENDANT:  May I answer that question?

6          MR. WATKINS:  There is no plea agreement.

7          MR. STEPP:  The Government says there is no plea

8  agreement.

9          THE DEFENDANT:  The Government says that there

10  is none.  I say there is.  And we'll see what we can do

11  with working through this.

12          MR. WATKINS:  And if you put on your plea

13  petition that there is one, I will not sign it.  It will

14  not be filed and we'll go to trial.

15          THE COURT:  And it will be rejected as a plea.

16  So then it will go to trial.  So that is the terms because

17  I feel like I more than given you this opportunity.

18          THE DEFENDANT:  So long as you're not violating

19  constitutional safeguards, protections, and et cetera, et

20  cetera, so...

21          MR. STEPP:  But he says there is.  The

22  Government says there's not.

23          THE DEFENDANT:  Man, just leave it alone.

24          MR. STEPP:  Well, I'm in the middle of this

25  thing.  He says there is.  The Government says there's

43

```
1   not.
2             THE COURT:  And the Court has ruled that there
3   is not.
4             MR. STEPP:  And the Court's ruled there is not.
5             THE COURT:  Right.
6             MR. STEPP:  So I'm going to give him a copy of
7   document.
8             THE COURT:  The document has to be signed by
9   Mr. Hall by Friday at 12 and then gotten to you, that's
10  okay.  But yes, we have a signature by Friday at 12.
11            MR. WATKINS:  Yes, ma'am.
12            MR. STEPP:  I've got the superseding indictment,
13  which is the one we're going on; is that correct?
14            MR. WATKINS:  Yes, sir.
15            MR. STEPP:  And the Government's given me
16  elements sheets for all counts.
17            MR. WATKINS:  All counts.
18            MR. STEPP:  That and a copy of the petition.
19            THE DEFENDANT:  If we plead, we'll plead to the
20  count that they wanted on the Count 2 and we'll have done
21  with it.
22            MR. WATKINS:  I'll tell you what, Ben.  If he'll
23  if you just put down one of the wire fraud counts, pick
24  one, and I would accept the petition with that.  That was
25  my original plea offer to him was plead to one of the wire
```

1    fraud counts.  If he fills out a petition, again --

2         THE DEFENDANT:  I'll take what you said very

3    serious, Mr. Watkins.  Let's leave it alone.  Let's

4    adjourn for the day.  I'm settled with it at the moment

5    and I think we can get where we need to get.

6         MR. STEPP:  Well, 2, 3 or 4.

7         MR. WATKINS:  If 2, 3 or 4 is on that petition,

8    I'll be pleased.

9         THE COURT:  Okay.  All right.

10         MR. STEPP:  The Marshals said they will keep him

11   here long enough for me to go get a copy of Judge

12   Anderson's plea petition.  And I will provide that to

13   them.  They'll give it to him and off he goes.

14         THE COURT:  And you need to understand, Friday

15   at 12, not Monday.  Friday at 12.

16         THE DEFENDANT:  Let me do my best, Your Honor.

17   You've been very courteous.

18         THE COURT:  Okay.  Good luck.

19         MR. STEPP:  And I've given him the indictment

20   and the element sheets.

21         THE COURT:  Okay.  Thank you.

22

23

24

25

1                              ***

2      I certify that the foregoing is a correct transcript from

3      the record of proceedings in the above-entitled matter.

4

5         s/Karen E. Martin                    2/4/2014

6      _____        _____
       Karen E. Martin, RMR, CRR          Date

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25