# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America | ) | Criminal No. 6:13-170-JMC-1 |
| | ) | |
| v. | ) | |
| | ) | **OPINION AND ORDER** |
| Gordon L. Hall | ) | |
| _____ | ) | |

This matter is before the court by way of a motion by Gordon L. Hall ("Hall") to extend the time to file a notice of appeal pursuant to Fed. R. App. P. 4(b)(4) (the "motion for an extension to appeal"). (ECF No. 288.) Hall alleges that there is "a sufficient showing of excusable neglect to justify an extension of time to file beyond the required time." (ECF No. 288.) The United States of America (the "Government") opposes Hall's motion arguing that he cannot show good cause or excusable neglect to extend the time to file a notice of appeal. (ECF No. 292.) For the reasons set forth below, the court **DENIES** Hall's motion for an extension to appeal.

## I.     FACTUAL AND PROCEDURAL HISTORY

On March 12, 2013, Hall was indicted for several fraud-related offenses. (ECF No. 1.) On July 9, 2013, Hall was charged with additional counts of fraudulent criminal acts in a superseding indictment. (ECF No. 48.) On February 18, 2014, Hall entered a plea of nolo contendere or "no contest" to count 2 in the superseding indictment alleging wire fraud occurring on June 25, 2012. (ECF No. 223 (referencing ECF No. 48 at 5).) On April 28, 2014, the court sentenced Hall to a term of imprisonment of one hundred eighty (180) months. (ECF No. 276 at 2.) After announcing Hall's sentence, the court informed him of the deadline to appeal his sentence. (ECF No. 298 at 75:3–7 ("I remind you that you are able to appeal this sentence. If you do so, you need to do so in a timely manner through your counsel. And if you are no longer

represented by counsel, then you'll need to do so on your own in a timely manner, no later than 14 days.).)  The court entered judgment on April 29, 2014.  (Id.)  Hall had fourteen (14) days, until May 13, 2014, to file a notice of appeal.  Fed. R. App. P 4(b)(1)(A).

On May 8, 2014, Hall filed a pro se notice "demanding to be provided with a meeting in which the original 'JUDGMENT IN A CRIMINAL CASE' executed on April 29, 2014, is to be presented to the Trustee/Defendant so that the Trustee/Defendant may provide a remedy for this Matter in this Court."  (ECF No. 278.)  On May 16, 2014, Hall filed a pro se notice of interest regarding property that he asserted should be "monetized" to discharge all claims against him.  (ECF Nos. 282, 282-1.)  Thereafter, on June 11, 2014, Hall filed the instant motion for an extension to appeal and an untimely notice of appeal.  (ECF Nos. 287, 288.)  In the motion for an extension to appeal, Hall stated that his notice of appeal was untimely filed because he "has been in BOP transit and has just notified the Federal Public Defender's office of his desire to appeal."  (ECF No. 288.)  On June 11, 2014, the Government filed a memorandum in opposition to the motion for an extension to appeal asserting that "Hall cannot show good cause why the time period to appeal should be extended" and "transportation to Arizona cannot be blamed for his failure to file a notice of appeal."  (ECF No. 292 at 2.)

## II.     LEGAL STANDARD

In a criminal case, a notice of appeal must be filed within fourteen (14) days after the later of either the entry of the judgment being appealed or the filing of the Government's notice of appeal.  Fed. R. App. P. 4(b)(1)(A).  Compliance is "mandatory and jurisdictional" and the district court may extend the deadline only under limited circumstances.  Bowles v. Russell, 551 U.S. 205, 209-10 (2007) (internal quotation marks omitted).  In this regard, Fed. R. App. P. 4(b)(4) provides that if a district court finds excusable neglect or good cause, it may "extend the

time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)." Id.

In determining whether "excusable neglect" exists, a district court considers: "danger of prejudice to the . . . [opposing party], the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."  Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993) (interpreting "excusable neglect" in the context of Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure); see also Thompson v. E.I. DuPont de Nemours & Co., Inc., 76 F.3d 530, 533 (4th Cir. 1996) ("While in Pioneer the Court interpreted the phrase "excusable neglect" as used in a rule of bankruptcy procedure, it is evident that the Court intended its definition of "excusable neglect" to be equally applicable to Federal Rule of Appellate Procedure 4(a)(5), as every appellate court to consider the applicability of Pioneer to Rule 4(a)(5) and Rule 4(b) (criminal appeals) has concluded.") (Citations omitted). "[T]he burden of demonstrating excusability lies with the party seeking the extension and a mere concession of palpable oversight or administrative failure generally has been held to fall short of the necessary showing . . . ." Thompson, 76 F.3d at 534 (quoting In re O.P.M. Leasing Serv., Inc., 769 F.2d 911, 917 (2d Cir. 1985).  "The most important of the factors identified in Pioneer for determining whether 'neglect' is 'excusable' is the reason for the failure to file the notice of appeal within . . .[the requisite] days of the entry of judgment.  Id.

### III.     ANALYSIS

Liberally construed, Hall's only contention is that his failure to timely appeal his sentence is excusable because he was unable to communicate with his lawyer while he was in BOP transit. (ECF No. 288.)  In its memorandum opposing Hall's motion, the Government notes that Hall

3

easily could have consulted with his lawyer and requested an appeal because he did not leave the Spartanburg Detention Center to be transported to Arizona until May 12, 2014, one (1) day before the appeal deadline expired.[1]  (ECF No. 292 at 2.)  Moreover, Hall himself filed documents with the court on May 8, 2014, several days before the expiration of his deadline to appeal, and on May 16, 2014, a few days after the expiration of his deadline to appeal.  (ECF Nos. 278, 282.)  Therefore, because the evidence in the record establishes that Hall had sufficient opportunity to timely notice an appeal himself or through his attorney, the court finds that Hall's alleged inability to communicate with his attorney because of BOP transit, standing alone, is insufficient to demonstrate excusable neglect.[2]  Accordingly, Hall's motion to extend the time to file a notice of appeal pursuant to Fed. R. App. P. 4(b)(4) is **DENIED** with prejudice.  (ECF No. 288.)

    **IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

Columbia, South Carolina
August 12, 2014

---

[1] The court notes that the Ninth Circuit has found that the transfer from one facility to another of an incarcerated movant, which makes communication between him and his lawyer difficult, is a ground for excusable neglect. U.S. v. Smith, 60 F.3d 595, 596–97 (9th Cir. 1995).  In Smith, the Ninth Circuit found that the defendant and his attorney had tried to contact each other, but the defendant had been moved three (3) different times to different state facilities during the filing period which made it difficult for the attorney to locate his client. Id. However, the court finds that Smith is inapplicable because Hall was moved to a different facility once, not three (3) times, and this move did not occur until the day before the appeal deadline.

[2] The court notes that neither Hall nor the Government refer to any of the other Pioneer factors. Therefore, the court does not make any findings with respect to these other factors.